UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS, STAR TOWING
AND RECOVERY, LLC, and
AREA TOWING AND RECOVERY, INC.,

     Plaintiffs,

v.

TONY CUEVAS, in his individual capacity
as Post Commander for the Michigan State
Police, DARZEIL HALL, in his individual
Capacity as a Michigan State Trooper,
CITY OF TAYLOR, HERMAN "BUTCH"
RAMIK, in his individual and official
Capacities as an elected member of the Taylor
City Council, and RICK SOLLARS, in his individual
and official capacities as the elected Mayor
of the City of Taylor,

     Defendants.
_____/

Case No. 19-10989

Hon. George Caram Steeh

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS (ECF. NOS. 10, 12)

Before the court are two motions to dismiss, one filed by Defendants Tony Cuevas and Darzeil Hall and one filed by the City of Taylor, Herman "Butch" Ramik, and Rick Sollars ("City of Taylor Defendants"). The court heard oral argument on September 5, 2019, and took the matter under

- 1 -

advisement. For the reasons explained below, Defendants' motions are granted in part and denied in part.

## BACKGROUND FACTS

Plaintiff Shane Anders is the owner of Star Towing and Recovery, LLC, and Area Towing and Recovery, Inc., which are also plaintiffs in this action. Plaintiffs allege that Defendants retaliated against them for exercising their First Amendment rights. *See* Doc.1.

Star Towing was on the Michigan State Police's non-preference tow rotation list for the Monroe Post for approximately fifteen years. In December 2015, Anders cooperated in a Michigan State Police internal affairs investigation regarding tickets he had given to state troopers to sporting events. *Id.* at ¶¶ 18-20. Anders provided investigators with a list of approximately eighteen troopers to whom he had given tickets. *Id.* at ¶¶ 22-23. Each of these troopers received verbal or written reprimands for accepting the tickets. *Id.* at ¶ 25. As a result, the post commander, Tony Cuevas, was displeased with Anders. *Id.* at ¶ 26. Soon after Anders met with investigators, Cuevas removed Star Towing from the non-preference tow rotation list for the Monroe Post. *Id.* at ¶¶ 27-33.

Plaintiffs contend that Star Towing was removed from the tow list in retaliation for Anders' cooperation with the internal affairs investigation.

Doc. 1 at ¶ 35. Plaintiffs further allege that Star Towing was removed in retaliation for Anders' refusal to comment in published media reports about the federal criminal investigation of Gasper Fiore.[1] *Id.* at ¶ 36. Plaintiffs contend that Cuevas "wrongfully assumed that Plaintiff Anders was involved in possibly unlawful or unethical conduct, and unfairly removed Plaintiff Star Towing from the non-preference tow rotation list." *Id.* at ¶ 37.

One of the troopers who received a reprimand as a result of accepting tickets from Anders was Defendant Darzeil Hall, who was angry with Anders for revealing his name to internal affairs. Doc. 1 at ¶¶ 52-53. Since then, Hall has "constantly pressured" Area Towing to hold auctions during the week when it is only able to conduct them on weekends. *Id.* at ¶¶ 54-59. Anders is concerned that Hall "is attempting to create a situation by which the Michigan State Police could somehow remove Plaintiff Area Towing from the towing rotation." *Id.* at ¶ 59.

Plaintiffs assert a First Amendment retaliation claim against Hall and a First Amendment retaliation claim and equal protection claim against Cuevas. Based upon a separate set of facts, Plaintiffs also assert a First

---

[1] Gasper Fiore owns a towing company and was indicted in 2017 as part of a bribery conspiracy involving Dean Reynolds, a Clinton Township trustee. Fiore pleaded guilty to bribing Reynolds by providing cash in exchange for a towing contract with Clinton Township. *See* Case No. 16-20732 (E.D. Mich.).

Amendment retaliation claim against Defendant Rick Sollars, who is the mayor of the City of Taylor. (The complaint also names Herman "Butch" Ramik as a Defendant, but it does not allege he engaged in wrongdoing.)

Plaintiffs allege that Sollars wanted to steer city towing business to Gasper Fiore and away from Area Towing. Doc. 1 at ¶¶ 104-105. Anders was required to use Fiore's company for heavy-duty tows at the direction of Sollars. Although Anders complained to the city police chief and corporation counsel that he did not feel comfortable using Fiore's company, he was advised that it would be "in his best interest" to do so and that if he did not, his contract would not be renewed. *Id.* at ¶¶ 120-24. After Fiore was indicted, Anders cooperated in the investigation of the FBI and the U.S. Attorney's office.

On March 20, 2018, the Taylor City Council voted to approve a three-year contract for Area Towing to serve as the primary towing contractor for the city. Sollars vetoed the resolution. Plaintiffs contend that Sollars vetoed the resolution because Anders refused to give him campaign contributions, Anders complained about being forced to use Fiore for heavy-duty tows, and Anders provided information to the FBI and the U.S. Attorney about Sollars' conduct. *Id.* at ¶¶ 145-47. Plaintiffs assert a First

Amendment retaliation claim against Sollars in his individual and official capacities.

## LAW AND ANALYSIS

Defendants seek dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), based upon Plaintiffs' failure to state a claim upon which relief can be granted. In reviewing such a motion, the court must "accept all the . . . factual allegations as true and construe the complaint in the light most favorable" to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir.1999) (internal quotation marks omitted). "[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must state a claim that is plausible on its face, meaning that

the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I. City of Taylor Defendants' Motion

The City of Taylor Defendants make two arguments in support of their motion to dismiss. First, they argue that Anders lacks standing to assert a retaliation claim because he did not suffer an injury. One of the requirements of standing is that the plaintiff suffered an injury in fact. *See generally Cranpark, Inc. v. Rogers Group, Inc.*, 821 F.3d 723, 730 (6th Cir. 2016). Area Towing was injured when Sollars vetoed the council resolution to award it the city towing contract. Anders has not alleged an injury that is separate from the injury to Area Towing. Although Anders is the owner of Area Towing, he does not have standing to bring a claim on behalf of the company. "[A] shareholder of a corporation does not have a personal or individual right of action for damages based solely on an injury to the corporation." *Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 315 (6th Cir.), *on reh'g in part*, 828 F.2d 1145 (6th Cir. 1987). "This rule applies even in cases where the person seeking redress is the corporation's sole shareholder." *Old Blast, Inc. v. Operating Engineers Local 324 Pension Fund*, 663 Fed. Appx. 454, 457 (6th Cir. 2016). Because Anders has not

alleged an injury separate from Area Towing's injury, he does not have standing to assert a First Amendment retaliation claim. *See also Williams v. City of Detroit*, 2019 WL 2410719 at *3-5 (E.D. Mich. June 7, 2019) (Michelson, J.) (dismissing claims brought by individual members for injuries to a limited liability company because the individuals lacked standing and were not the real parties in interest under Fed. R. Civ. P. 17(a)). The court will dismiss Anders' First Amendment retaliation claim against the City of Taylor Defendants.

Defendants also seek dismissal of Area Towing's First Amendment retaliation claim. The elements of a retaliation claim are (1) the plaintiff engaged in constitutionally protected conduct; (2) defendant took adverse action against the plaintiff that would chill a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated by the protected activity. *See Lucas v. Monroe Cty.*, 203 F.3d 964, 973 (6th Cir. 2000).[2] Defendants argue that Area Towing did not engage in any protected activity because Plaintiffs allege that it was *Anders* who refused to contribute to Sollars' campaign, complained about being

---

[2] A corporation is a "person" within the meaning of the Fourteenth Amendment and is entitled to First Amendment protection. *See, e.g., Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 n.9 (9th Cir. 2012) (citing *Citizens United v. FEC*, 558 U.S. 310 (2010)).

forced to use Fiore for heavy-duty tows, and provided information to the FBI and the U.S. Attorney about Sollars' conduct.

Plaintiffs respond that Anders was acting on behalf of Area Towing when he engaged in the protected conduct. *See generally Innotext, Inc. v. Petra'Lex USA Inc.*, 694 F.3d 581, 591 (6th Cir. 2012) ("[I]t is well known that companies act through their agents."). Plaintiffs have plausibly alleged that at least a portion of Anders' protected activity was done on behalf of Area Towing. For example, he complained to city officials about having to use Fiore's company for heavy-duty tows. A reasonable inference is that he complained as an agent of Area Towing.[3] The court will deny Defendants' motion to dismiss Area Towing's First Amendment retaliation claim.

The court will grant the City of Taylor Defendants' motion to dismiss Plaintiffs' claims against Herman Ramik, because the complaint is devoid of allegations against him. To the extent Plaintiffs seek to assert claims against Ramik, they may amend their complaint.

---

[3] Defendants' argument that Anders was speaking in his "official capacity" as owner of Area Towing and not as a "citizen" misses the mark. The cases upon which Defendants rely apply to government employees, which Anders is not. *See Garcetti v. Ceballos*, 547 U.S. 410 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes.").

II. Defendants Cuevas and Hall's Motion

A. Anders' Standing

Similar to the City of Taylor Defendants, Defendants Cuevas and Hall argue that Anders does not have standing to assert a retaliation claim because he did not suffer an injury. Plaintiffs allege that Cuevas removed Star Towing from the tow rotation list and that Hall harassed Area Towing in retaliation for Anders' cooperation with the internal affairs investigation. Consistent with the above discussion, Anders does not have standing to assert a claim based upon an injury suffered by Star Towing or Area Towing. See Gaff, 814 F.2d at 315. Accordingly, the court will dismiss Anders' First Amendment retaliation claims against Cuevas and Hall.

B. The Towing Companies' Protected Activity

Defendants also argue that the towing companies cannot state a retaliation claim because Anders, rather than the towing companies, engaged in the protected activity. Plaintiffs respond that Anders was acting as the agent and sole owner of Star Towing and Area Towing when he cooperated in the investigation. It is not clear from the complaint whether Anders engaged in the protected activity as an agent of the towing companies. Plaintiffs have indicated, however, that they intend to amend their complaint to clarify these allegations. Accordingly, the court will deny

Defendants' motion to dismiss the towing companies' retaliation claim on this basis.

C. Elements of First Amendment Retaliation Claim

In addition to the standing arguments, Defendants Cuevas and Hall contend that Plaintiffs cannot state a claim for First Amendment retaliation. In order to establish a prima facie case of First Amendment retaliation, a plaintiff must allege that (1) he engaged in protected conduct; (2) the defendant took adverse action against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was taken at least in part because of the protected conduct. *Lucas*, 203 F.3d at 973.

1. Protected Conduct

Defendants argue that Anders did not engage in protected activity by cooperating in the internal affairs investigation. However, "[p]ublic policy strongly supports and encourages protecting speech made at the behest of law enforcement officials." *Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986). In *Marohnic*, the Sixth Circuit determined that a public employee's cooperation in a state investigation was conduct entitled to First Amendment protection. Anders' cooperation with a police internal affairs

investigation is no different and is protected conduct.[4]  *See also See v. City of Elyria*, 502 F.3d 484, 493 (6th Cir. 2007) (officer's statements to FBI disclosing corruption within police department were protected activity).

Anders also alleges that he engaged in protected activity by declining to comment on published news reports about the Gasper Fiore investigation.  "As the First Amendment protects freedom of association and the corollary right not to associate, so too does it protect freedom of speech and the corollary right not to speak."  *Wilkins v. Daniels*, 744 F.3d 409, 414 (6th Cir. 2014).  As a general matter, Anders has alleged he engaged in protected conduct by exercising his right not to speak.[5]

    2. <u>Adverse Action</u>

Defendants also argue that Plaintiffs' claim against Hall should be dismissed because Plaintiffs do not allege that he took an adverse action against them.  An adverse action is one that "would deter a person of ordinary firmness from continuing to engage" in the protected activity.  *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005).  "We emphasize that while certain threats or deprivations are so *de minimis* that they do not

---

[4] Defendants argue that Anders' cooperation is not protected because he was a participant in the activity being investigated.  Defendants do not cite authority for the proposition that this distinction makes a difference.
[5] Under the facts alleged, however, the contours of this right are not clearly established, as discussed *infra*.

- 11 -

rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* at 701 (citation omitted).

Hall was one of the state troopers who received a reprimand as a result of accepting sporting event tickets from Anders. Doc. 1 at ¶¶ 52-53. "Since that time, Defendant Hall has constantly pressured staff of Plaintiff Area Towing to schedule and hold an auction during the week. . . ." *Id.* at ¶ 54. Area Towing contends that it is unable to hold auctions during the week, but only on weekends. Anders asserts that Hall is attempting to create a pretext for removing Area Towing from the towing rotation by demanding that it hold the auctions during the week. *Id.* at ¶¶ 52-59.

Defendants argue that Hall's alleged actions are too inconsequential to be actionable. However, "since there is no justification for harassing people for exercising their constitutional rights, [the deterrent effect] need not be great in order to be actionable." *Siggers-El*, 412 F.3d at 701 (citation omitted). At this stage of the proceedings, Plaintiffs' allegations of Hall's "constant pressure" and "badgering" of Area Towing to hold auctions when it is unable to do so are not so *de minimis* as to require dismissal as a matter of law. *See also Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir.

2002) ("[U]nless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury.").

    D. Equal Protection Claim

Defendants also seek dismissal of Plaintiffs' equal protection claim. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cty., Ohio*, 430 F.3d 783, 788 (6th Cir. 2005). "Equal protection claims can be brought by a 'class of one,' where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005). A class-of-one plaintiff may demonstrate that the governmental action lacks a rational basis by either rebutting "every conceivable basis" supporting the action or by showing that the action was motivated by animus or ill will. *Id.* at 711. "To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Bower v. Vill. of Mount Sterling*, 44 Fed. Appx. 670, 677 (6th Cir. 2002) (citation omitted).

Defendants argue that because inclusion on the tow rotation list is "discretionary," Plaintiffs cannot state a class-of-one equal protection claim. Defendants rely upon *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591 (2008), in which the Supreme Court held that a class-of-one theory may not be brought by public employees to challenge employment decisions, which are inherently discretionary. "To treat employees differently is not to classify them in a way that raises equal protection concerns. Rather, it is simply to exercise the broad discretion that typically characterizes the employer-employee relationship." *Id.* at 605.

*Engquist* does not necessarily preclude a class-of-one claim involving other types of discretionary state action, however. *Id.* at 607 ("[T]he class-of-one theory of equal protection has no application in the public employment context – *and that is all we decide* [in this case].") (emphasis added). *See also Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 141-42 (2d Cir. 2010) (noting split of authority but deciding that "*Engquist* does not bar all class-of-one claims involving discretionary state action"). Moreover, the extent to which Cuevas had discretion to remove Star Towing from the tow rotation list is not discernable from the complaint. Such a decision is not so inherently discretionary – akin to an employment decision – so as to preclude Plaintiffs' class-of-one claim as a matter of law

at this stage of the proceedings. *See Engquist*, 553 U.S. at 604 (noting employment decisions "are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify").

Plaintiffs allege that Cuevas removed Star Towing from the towing rotation list because he was angry that Anders cooperated with the internal affairs investigation. Plaintiffs have alleged sufficient facts to overcome the presumption of rationality accorded Cuevas' actions. The court will deny Defendants' motion with respect to Plaintiffs' equal protection claim.

E. Qualified Immunity

Defendants Cuevas and Hall argue that, even if Plaintiffs have sufficiently alleged a constitutional violation, Defendants are entitled to qualified immunity because the rights were not clearly established at the time of the alleged conduct.

"When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint 'adequately alleges the commission of acts that violated clearly established law.'" *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). "A right is 'clearly established' if '[t[he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Baynes v. Cleland*, 799 F.3d 600, 610 (6th Cir. 2015) (citation

omitted). In other words, "the unlawfulness must be apparent" in light of pre-existing law. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

Defendants argue that there are no cases holding that "participation as a witness in a police internal affairs investigation or declining to comment on an on-going criminal investigation is protected activity covered by the First Amendment." Doc. 12 at 19. However, an official "can still be on notice that [his] conduct violates established law even in novel factual circumstances." *Hope*, 536 U.S. at 741. "There does not need to be 'a case directly on point, but existing precedent must have placed the . . . constitutional question beyond debate.'" *Morgan v. Fairfield Cty., Ohio*, 903 F.3d 553, 564 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1377 (2019) (quoting *Ashcroft v.al-Kidd*, 563 U.S. 731, 741 (2011)).

At least two Sixth Circuit cases have found that cooperating in an investigation and reporting wrongdoing to law enforcement are protected activities under the First Amendment. *See Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986) (cooperating in a state investigation); *See v. City of Elyria*, 502 F.3d 484, 493 (6th Cir. 2007) (officer's statements to FBI disclosing corruption within police department). It is also clear that "[r]etaliation by public officials against the exercise of First Amendment rights is itself a violation of the First Amendment." *Zilich v. Longo*, 34 F.3d

359, 364 (6th Cir. 1994) (citation omitted). A reasonable government official would understand that retaliating against an individual for cooperating with law enforcement in an investigation is a violation of clearly established First Amendment rights. This includes the adverse actions of removing Star Towing from the tow list and the alleged harassment by Hall. *See Siggers-El*, 412 F.3d at 701 ("since there is no justification for harassing people for exercising their constitutional rights, [the deterrent effect] need not be great in order to be actionable"); *Lucas*, 203 F.3d at 972-75 (removal of tow company from municipal list because of owner's criticism of sheriff stated a claim of First Amendment retaliation).

It is not as clear that a reasonable government official would understand that taking action against an individual for failing to comment on a newspaper story would violate the First Amendment. The "freedom not to speak" cases arise in the context of a government-compelled message, which is not the case here. "The Supreme Court has only ever found a violation of the First Amendment right against compelled speech in the context of forced speech that requires the private speaker to embrace a particular government-favored message." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 188 (3d Cir. 2005). *See Wooley v. Maynard*, 430 U.S. 705, 714-16 (1977) (state of New Hampshire may not require display of state

- 17 -

motto on license plates); *West Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943) (school district may not require students to salute flag); *Wilkins v. Daniels*, 744 F.3d 409, 415 (6th Cir. 2014) (A "general principle of compelled speech jurisprudence . . . is that a violation of the First Amendment right against compelled speech occurs only in the context of actual compulsion.") (citation omitted).

Plaintiffs are not alleging that Cuevas directed Anders to comment on the newspaper article or to otherwise make any particular statement. Rather, Plaintiffs allege that Cuevas made an unfair inference from Anders' silence. *See* Doc. 1 at ¶ 38 ("Cuevas chose to rely upon the unpublished media reports in which Plaintiff Anders chose to exercise his right to remain silent and not make a public comment about the allegations."). Under these facts, this portion of Plaintiffs' First Amendment claim does not implicate a clearly established right. *See generally Burns v. Martuscello*, 890 F.3d 77, 94 (2d Cir. 2018) (First Amendment right of prisoner "not to snitch" not clearly established; defendants entitled to qualified immunity). Cuevas is entitled to qualified immunity with respect to the claim that he retaliated against Plaintiffs as a result of Anders' failure to comment to the media.

Cuevas is not entitled to qualified immunity with respect to Plaintiffs' equal protection claim. "[A] 'class of one' plaintiff can demonstrate that the challenged government action was motivated by animus or ill-will." *Klimik v. Kent Cty. Sheriff's Dep't*, 91 Fed. Appx. 396, 400 (6th Cir. 2004). It is an equal protection violation if a "powerful public official picked on a person out of sheer vindictiveness." *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir. 1995). Plaintiffs allege that Star Towing was removed from the towing rotation list because Cuevas was angry that Anders cooperated with the internal affairs investigation. Based upon clearly established law, a reasonable official would understand that such an action was unconstitutional.

## CONCLUSION

With respect to the City of Taylor Defendants' motion, the court will dismiss Anders' retaliation claim for lack of standing, but deny the motion with respect to Area Towing's retaliation claim. The court will also dismiss Defendant Herman Ramik without prejudice.

With respect to Cuevas and Hall's motion, the court will dismiss Anders' retaliation claim for lack of standing and grant Cuevas qualified immunity with respect to the First Amendment retaliation claim based upon

Anders' failure to comment to the media.  In all other respects, the court will deny Cuevas and Hall's motion.

IT IS HEREBY ORDERED that Defendants' motions (ECF Nos. 10, 12) are GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs may amend their complaint within 30 days of the date of this order.

Dated:  September 12, 2019

                        s/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 12, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk