UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS, STAR TOWING
AND RECOVERY, LLC, and AREA
TOWING AND RECOVERY, INC.,

    Plaintiffs,

v.

Case No. 19-10989

Hon. George Caram Steeh

TONY CUEVAS, in his individual capacity
as Post Commander for the Michigan State
Police, DARZEIL HALL, in his individual
Capacity as a Michigan State Trooper,
CITY OF TAYLOR, HERMAN "BUTCH"
RAMIK, in his individual and official
Capacities as an elected member of the
Taylor City Council, and RICK SOLLARS,
in his individual and official capacities as
the elected Mayor of the City of Taylor,

    Defendants.
_____/

ORDER DENYING CITY OF TAYLOR DEFENDANTS'
MOTION FOR RECONSIDERATION (ECF NO. 24)

The City of Taylor Defendants seek reconsideration of the court's September 12, 2019 order granting in part and denying part their motion to dismiss. Specifically, Defendants request that the court amend its opinion to reflect that qualified immunity was denied as to the individual City of

-1-

Taylor Defendants – Herman Ramik and Rick Sollars. The court will deny Defendants' request as to Ramik, because it granted Defendants' motion to dismiss on the basis that the complaint contained no allegations of wrongdoing against him. The court did not consider whether Ramik was entitled to qualified immunity.

The court will also deny Defendants' request as to Sollars because it did not consider whether Sollars was entitled to qualified immunity. Defendants did not raise the issue of qualified immunity in their principal brief. See ECF No. 10. They argued that Anders did not have standing to assert a retaliation claim and that Area Towing did not engage in protected activity. *Id.* They did not argue that Plaintiffs failed to establish a constitutional violation or that Sollars did not violate a clearly established constitutional right. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) ("When the qualified immunity defense is raised at the pleading stage, the court must determine only whether the complaint 'adequately alleges the commission of acts that violated clearly established law.'").

In their reply brief, the Taylor Defendants "concurred" in the arguments made by the State of Michigan Defendants and asked that "they be considered by the Court in conjunction with their own Motion to

Dismiss." ECF No. 21. They did not, however, develop any argument with regard to why Sollars was entitled to qualified immunity. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Moreover, "it is not the office of a reply brief to raise issues for the first time." *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 682-83 (E.D. Mich. 2002) (citing *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993)). *See also Summe v. Kenton Cty. Clerk's Office,* 604 F.3d 257, 269 (6th Cir. 2010) (failure to raise and brief qualified immunity issue resulted in waiver).

Accordingly, IT IS HEREBY ORDERED that the Taylor Defendants' motion for reconsideration (ECF No. 24) is DENIED.

Dated: October 8, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk