UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANE ANDERS, STAR TOWING
AND RECOVERY, LLC, and
AREA TOWING AND RECOVERY, INC.,

        Plaintiffs,

                                Case No. 19-10989

    v.

                                Hon. George Caram Steeh

TONY CUEVAS, *et al.*,

        Defendants.

_____/

OPINION AND ORDER GRANTING
DEFENDANT RAMIK'S MOTION FOR
<u>SUMMARY JUDGMENT (ECF NO. 72)</u>

Before the court is Defendant Ramik's motion for summary judgment, which has been fully briefed. For the reasons explained below, Defendant's motion is granted.

<u>BACKGROUND FACTS</u>

Plaintiff Shane Anders owns Area Towing and Recovery, Inc., which provides towing services in the City of Taylor, Michigan. In 2018, the city council debated the renewal of Area Towing's contract with the city. Defendant Herman "Butch" Ramik is a city council member. He was opposed to the renewal of Area Towing's contract and invited a Fox 2 reporter to do a story on the issue.

The story was aired on April 4, 2018. The printed version reads in part,

> Taylor City Councilman Herman "Butch" Ramik is not shy with how he feels about Shane Anders, owner of Area Towing.
>
> "How can you award somebody a major, very large contract – and award him that, after what he has done to the people and the visitors of this community," Ramik said.
>
> Some residents came forward to voice their displeasure at City Hall Tuesday prior to the vote.
>
> "He's already got his foot in the door," said one resident. "He's held us hostage for all these years."
>
> Another resident spoke about the city council's knowledge of all the atrocities the company has committed in the past.
>
> Ramik said he "has a stack of complaints" he has heard about the towing company over the years.
>
> He says it's his job to listen to citizens and he says, they have a lot [to say] about the towing company.

ECF No. 72-4.

As part of a larger dispute against several defendants, Plaintiffs assert a defamation claim against Ramik.[1] In the complaint, Plaintiffs allege that "Ramik falsely stated that he had received a lot of complaints from

---

[1] Plaintiffs also alleged a First Amendment retaliation claim, which was dismissed. The court denied Ramik's motion to dismiss the defamation claim on immunity grounds, a decision that was affirmed by the Sixth Circuit. *Anders v. Cuevas*, 984 F.3d 1166 (6th Cir. 2021).

residents about Plaintiff Area [Towing] and further accused Plaintiff Anders of victimizing and stealing from the residents of the Defendant City." ECF No. 30 at ¶ 189. Plaintiffs also allege that Ramik publicly called Anders a "crook." *Id.* at ¶ 192. According to a fellow council member, "Mr. Ramik was very vocal about his opposition to Mr. Anders and to Area Towing in general. There was always remarks that, you know, when we brought up towing issues, that Mr. Ramik believed Mr. Anders to be a crook. He had mentioned that to me many times and that his business and his business model was not in the best interest of the people of the City of Taylor." ECF No. 82-1 at PageID 2167-68.

<u>LAW AND ANALYSIS</u>

Ramik seeks summary judgment, arguing that the statements at issue are not defamatory and, even if they were, he is entitled to immunity.

I.   <u>Standard of Review</u>

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist.*

*Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

II.    <u>Defamation</u>

The elements of a defamation claim are as follows:  "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Smith v. Anonymous Joint Enter.*, 487 Mich. 102, 113 (2010). The question of whether a statement has defamatory meaning is one for the court. *Fisher v. Detroit Free Press, Inc.*, 158 Mich. App. 409, 413 (1987).

"To be considered defamatory, statements must assert facts that are 'provable as false.'" *Ghanam v. Does*, 303 Mich. App. 522, 545 (2014). A

statement of opinion "may be defamatory when it implies assertions of objective facts." *Smith*, 487 Mich. at 129. However, "rhetorical hyperbole" or mere exaggerations "that cannot be interpreted as stating actual facts" cannot serve as the basis for a defamation claim. *Ghanam*, 303 Mich. App. at 545-46. The court must consider a statement in context when determining whether it is defamatory. *Smith*, 487 Mich. at 129.

Actual accusations of criminal activity are considered defamation *per se. Ghanam*, 303 Mich. App. at 545. "However, not all statements that can be read as accusations of a crime or misconduct should be considered assertions of fact." *Id.*

> Such statements include the usual rhetorical hyperbole and imaginative expression often found in satires, parodies, and cartoons. This is true even when the statements are designed to be highly offensive to the person criticized, and even if, when read literally, the statements can be interpreted as accusations of criminal activity. Terms such as "blackmailer," "traitor," " crook," "steal," and "criminal activities" must be read in context to determine whether they are merely exaggerations of the type often used in public commentary. . . . If a reasonable reader would understand these epithets as merely "rhetorical hyperbole" meant to express strong disapproval rather than an accusation of criminal activity or actual misconduct, they cannot be regarded as defamatory.

*Id.* at 545-46 (citations omitted). *See also Anders v. Cuevas*, 984 F.3d 1166 (6th Cir. 2021).

- 5 -

Ramik's statements that he received a "stack" of complaints about Area Towing and that he considered Anders a "crook" fall into the category of rhetorical hyperbole, meant to express his disapproval rather than actual facts or accusations of criminal activity. Plaintiffs do not dispute that customers complained about Area Towing's business practices, including their prices and customer service. *See* ECF No. 72-5. Under the circumstances, Ramik's reference to a "stack" of complaints is at most a non-actionable exaggeration. Similarly, when viewed in context, Ramik's labeling of Anders as a "crook" is an expression of his strong disapproval of Anders's business practices rather than an actual accusation of theft. *See Anders*, 984 F.3d at 1186 ("The fact-finding process might reveal that Ramik's statements were merely 'rhetorical hyperbole.'").

Plaintiffs have failed to show that Ramik made statements capable of defamatory meaning, which is fatal to their defamation claim. Accordingly, the court need not address whether Ramik is entitled to immunity.

<u>ORDER</u>

IT IS HEREBY ORDERED that Ramik's motion for summary judgment (ECF No. 72) is GRANTED.

Dated: December 7, 2022       <u>s/George Caram Steeh</u>
Hon. George Caram Steeh
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 7, 2022, by electronic and/or ordinary mail.

<u>s/Brianna Sauve</u>
Deputy Clerk