## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHANE ANDERS, STAR TOWING AND
RECOVERY, LLC, and AREA TOWING
AND RECOVERY, INC.,

        Plaintiffs,

v.

TONY CUEVAS, in his individual capacity as
Post Commander for the Michigan State Police,
DARZEIL HALL, in his individual capacity as
a Michigan State Trooper, CITY OF TAYLOR,
HERMAN "BUTCH" RAMIK, in his individual
and official capacities as an elected member of
the Taylor City Council, and RICK SOLLARS,
in his individual and official capacities as the
elected Mayor of the City of Taylor,

        Defendants.

Case No. 2:19-cv-10989
Hon. Linda V. Parker
Mag. Elizabeth A. Stafford

_____

## DEFENDANT RICK SOLLARS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CERTIFICATION OF APPEALABILITY OF 12/07/22 OPINION AND ORDER GRANTING DEFENDANT RAMIK'S MOTION FOR SUMMARY JUDGMENT

_____

Submitted by,

GIARMARCO, MULLINS & HORTON, P.C.
Geoffrey S. Wagner (P70839)
*Attorneys for Defendant Sollars*
(248) 457-7000
gwagner@gmhlaw.com

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES........................................................................iii

COUNTER-STATEMENT OF THE QUESTION PRESENTED........................v

COUNTER-STATEMENT OF MATERIAL FACTS ...........................................1

APPLICABLE LEGAL STANDARD ...................................................................2

ARGUMENT……………………………………………………………….. 3

    I.    PLAINTIFFS' MOTION FOR CERTIFICATE OF
        APPEALABILITY LACKS MERIT AND SHOULD BE
        DENIED. ..........................................................................................3

        A.    The Defamation and Retaliation Claims Originate From
               the Same Factual Background and Therefore Constitute
               One Claim, Making Certification Improper. ...........................3

        B.    Plaintiffs' Motion Fails to Adequately Address the
               Necessary Factors in Making a Rule 54(b)
               Determination..........................................................................6

CONCLUSION AND RELIEF REQUESTED .......................................................9

# INDEX OF AUTHORITIES

## Cases:

*Akers v. Alvey*,
　338 F.3d 491 (6th Cir. 2003) ...................................................................7

*Anders v. Cuevas*,
　984 F.3d 1166 (6th Cir. 2021) .................................................................8

*Backus Plywood Corp. v. Commercial Decal, Inc.*,
　317 F.2d 339 (2d Cir. 1963)....................................................................4

*Callahan v. Alexander*,
　810 F.Supp. 884 (E.D. Mich. 1993)........................................................9

*Carpenter v. Liberty Insurance Corp.*,
　850 Fed.Appx. 351 (6th Cir. 2021)..........................................................9

*Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*,
　807 F.2d 1279 (6th Cir. 1986) ....................................................... 2, 6, 7, 9

*Curtiss-Wright Corp. v. General Elec. Co.*,
　446 U.S. 1 (1980)............................................................................ 2, 3, 9

*Dunigan v. Thomas*,
　No. 22-cv-11038, 2024 WL 889032 (E.D. Mich., Mar. 1, 2024)...........7

*Gen. Acquisition, Inc. v. GenCorp, Inc.*,
　23 F.2d 1022 (6th Cir. 1994) ...............................................................3, 4

*Lowery v. Federal Exp. Corp.*,
　426 F.3d 817 (6th Cir. 2005)....................................................................4

*McIntyre v. First Nat. Bank of Cincinnati*,
　585 F.2d 190 (1978)..................................................................................3

*Sears, Roebuck & Co. v. Mackey*,
　351 U.S. 427 (1956)..................................................................................3

*Solomon v. Aetna Life Ins. Co.*,
　782 F.2d 58, 62 (6th Cir. 1986)................................................................8

**<u>Rules</u>:**

Fed. R. Civ. P. 54(b) .......................................................................... passim

## <u>COUNTER-STATEMENT OF THE QUESTION PRESENTED</u>

I.    PLAINTIFFS SEEK A CERTIFICATE OF APPEALABILITY FOR THE
12/07/22 ORDER DISMISSING THEIR DEFAMATION CLAIM. HAVE
PLAINTIFFS ESTABLISHED THAT THE RAMIK DEFAMATION CLAIM
AND THE SOLLARS RETALIATION CLAIM ARE *SO* SEPARATE *AND*
DISTINCT AS TO WARRANT CERTIFICATION UNDER RULE 54(b)?

Plaintiffs answer, "**Yes**."

Defendant answers, "**No.**"

This Court should answer, "**No**."

## <u>COUNTER-STATEMENT OF MATERIAL FACTS</u>

A. <span style="font-variant:small-caps">Background</span>

This case began as a First Amendment retaliation and defamation case. Plaintiffs, Shane Anders, Star Towing and Recovery, LLC, and Area Towing and Recovery, Inc. ("Area Towing") alleged that they were unlawfully retaliated against by the Defendants, the City of Taylor, Mayor Rick Sollars, Tony Cuevas, Darziel Hall, and Councilman Herman "Butch" Ramik. Plaintiffs later added a defamation claim against Ramik in their Amended Complaint.

Throughout the course of litigation, nearly all the claims (and defendants) have been dismissed. Before the Order in question was issued in December of 2022, the only remaining claims were: Plaintiffs' First Amendment retaliation claim against Sollars; and Plaintiffs' defamation claim against Ramik.

In an Order dated December 7, 2022, this Court dismissed the defamation claim against Ramik. Plaintiffs now seek a certificate of appealability for the December 7, 2022 Order, even though this Court has *not* yet rendered a *final* judgment as to the retaliation claim. As explained at great length *infra*, <u>this Court should deny Plaintiff's Motion for Certificate of Appealability because the defamation and retaliation claim are so interrelated that they constitute one claim for Rule 54(b) purposes</u>.

1

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) sets the standard for granting a final judgment for a claim when *other* claims await resolution:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). When evaluating a 54(b) determination, the District Court must first determine that the Order in question is final. *Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 7 (1980). An Order is considered a final judgment if the decision addresses a claim for relief, and the decision was dispositive of that particular claim. *Id*. Next, the District Court must assess if there is any "just reason" to delay appellate review of the final order. *Id*. at 8. In these instances, the District Court serves as a "dispatcher" to appellate courts in determining if a given claim is ready for appeal when the entire case is not yet resolved. *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc*., 807 F.2d 1279 (6th Cir. 1986).

<u>**ARGUMENT**</u>

I.   **PLAINTIFFS' MOTION FOR CERTIFICATE OF APPEALABILITY
     LACKS MERIT AND SHOULD BE DENIED**.

A Rule 54(b) determination is a matter of judicial discretion, "to be exercised 'in the interest of sound judicial administration.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). It is up to the District Court to resolve when a final decision is ready for appeal when other claims remain under its purview. *Id.* Here, Plaintiffs have not established that certification is appropriate; therefore, the instant Motion should be denied.

   **A.   The Defamation and Retaliation Claim Originate From the Same
          Factual Background and Therefore Constitute One Claim, Making
          Certification Improper.**

Rule 54(b) applies solely to actions with multiple claims or multiple parties. *See* Fed. R. Civ. P. 54(b); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.2d 1022, 1027-28 (6th Cir. 1994). While it may appear that Plaintiffs meet this requirement, at first blush, their retaliation and defamation claim share a "common factual background," making them a *single* claim for the purposes of Rule 54(b). *Gen. Acquisition, Inc.*, 23 F.3d at 1028.

In *McIntyre v. First Nat. Bank of Cincinnati*, the Sixth Circuit articulated the standard for when multiple claims may be considered as one on appeal, stating that, "[e]ven though different theories of liability may have been asserted, the concept of a 'claim' under Rule 54(b) denotes 'the aggregate of operative facts which give rise

3

to a right enforceable in the courts.'" 585 F.2d 190 (1978) (quoting *Backus Plywood Corp. v. Commercial Decal, Inc*., 317 F.2d 339, 341 (2d Cir. 1963)). The Sixth Circuit applied this rule in *Gen. Acquisition, Inc. v. GenCorp, Inc*., holding that the plaintiff's multiple theories of liability constituted one claim "because all of the causes of action arise out of a single aggregate of operative facts." 23 F.3d at 1029. Notably, two different types of requests for relief do *not* create multiple claims for purposes of Rule 54(b). *Id*.

It is well-settled that state claims and federal claims can be considered as one claim for appellate purposes. For instance, in *Lowery v. Federal Exp. Corp*., 426 F.3d 817, 821 (6th Cir. 2005), the Sixth Circuit found that a Title VII claim for race discrimination and a state law claim of breach of contract were, on balance, one claim. Consequently, the lower court abused its discretion in certifying the Title VII claim for appeal after being dismissed because, "…both cause of actions arose out of the same aggregate of operative facts and seek to recover for the same underlying injury." *Id*. It, likewise, bears mentioning that delaying appellate review is favorable when there is an overlap in the factual basis of the adjudicated and unadjudicated claims, as it lessens the possibility of repeated/superfluous review. *Id*. at 823.

Plaintiffs note in their Motion that the defamation claim against Defendant Ramik "is in some respects unrelated to Plaintiff Area Towing's remaining First Amendment Retaliation claim against Defendant Sollars." ECF No. 107 at

PageID.2356. The key phrase here is "*in some respects*."  In point of fact, the defamation and retaliation claims stem from the same common nucleus of facts. Defendant Sollars will explain why that is the case here.

Plaintiffs allege that Sollars retaliated against them by vetoing the Taylor City Council's resolution to give Plaintiff Area Towing a three-year contract as the primary towing company for the City of Taylor. ECF No. 30 at PageID.278. A mere *three to four days* after Sollars vetoed the resolution, Ramik made certain comments about Plaintiff Anders to Fox 2. ECF No. 30 at PageID.283. Plaintiffs allege that the impetus for Ramik and Sollars actions was Plaintiffs expressed disapproval of having to use Gasper Fiore's towing company, T&B Towing, as well as Taylor residents complaining about Plaintiff Area Towing's business practices. ECF No. 30 at PageID.278, Page ID.284. In short, these claims are virtually inseparable from one another.

Plaintiffs' Amended Complaint contains a recounting of events spanning from 2015 until 2018; however, the alleged retaliation from Sollars and comments from Ramik occurred just *days* apart. Indeed, the Ramik and Sollars cases are so intertwined that they even stem from the *same* local news story, which is shown on the ensuing page of this Brief:

**Herman "Butch" Ramik**                    **Rick Sollars**

The overlap between these allegations is significant and, inevitably, the two claims will involve many of the same witnesses. Accordingly, judicial economy would be best served by delaying appellate review of the defamation claim until the adjudication of the First Amendment retaliation claim is complete.

## B. Plaintiffs' Motion Fails to Adequately Address the Necessary Factors in Making a Rule 54(b) Determination.

Even if the defamation and retaliation claims were found to be separate for 54(b) purposes, Plaintiffs still would not prevail because the circumstances of this case weigh firmly against certification. The Sixth Circuit has expanded on the analysis for a Rule 54(b) determination in *Corrosioneering Inc. v. Thyssen Environmental Systems, Inc.*, to create a set of factors the District Court should consider:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted
> by future developments in the district court; (3) the possibility that the
> reviewing court might be obliged to consider the same issue a second
> time; (4) the presence or absence of a claim or counterclaim which
> could result in set-off against the judgment sought to be made final; (5)
> miscellaneous factors such as delay, economic and solvency
> considerations, shortening the time of trial, frivolity of competing
> claims, expense, and the like. Depending upon the facts of the particular
> case, all or some of the above factors may bear upon the propriety of
> the trial court's discretion in certifying a judgment as final under Rule
> 54(b).

807 F.2d at 1283. While Plaintiffs cite these factors in their motion, they fail to fully

analyze the factors *vis-à-vis* the case at hand. The Sixth Circuit has directed District

Courts to thoroughly evaluate the *Corrosioneering* factors when passing on a

certification request under pursuant to Rule 54(b). *Akers v. Alvey*, 338 F.3d 491, 495

(6th Cir. 2003). As set forth below, these factors do not support certification in the

case at hand.

Factor 1 – The Relationship Between the Claims: As discussed *infra*, the First

Amendment retaliation and defamation claims stem from the same factual

background. The claims are intertwined, making certification improper at this stage.

*See Dunigan v. Thomas*, No. 22-cv-11038, 2024 WL 889032, at *1, *6 (E.D. Mich.,

Mar. 1, 2024) (finding that interrelated claims from the same operative facts weighed

against certification).

Factor 2 – Possibility of Mootness: It is not likely that either claim would be

mooted by immediate review, making this factor is inapplicable to the instant case.

7

Factor 3 – Potential of Repeated Review: If this Court were to grant certification of the Order in question, this case would continue to address the First Amendment Retaliation claim regardless. At this point, there have already been multiple appeals of this case to the Sixth Circuit. *See Anders v. Cuevas*, 984 F.3d 1166 (6th Cir. 2021). It is likely that the non-prevailing party on the First Amendment retaliation claim will appeal the final judgment, which will result in the Sixth Circuit reviewing the facts of this case again if certification is granted. Thus, this factor cuts against certification as well. *See Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986) (noting that judicial economy is best served when issues can be presented to the Court of Appeals in a unified package, especially when the adjudicated and unadjudicated claims stem from the same facts).

Factor 4 – Set-Off of Final Judgment: There are no counterclaims in this case that could result in a set-off of the final judgment. Therefore, this factor is inapplicable.

Factor 5 – Miscellaneous Factors: Time, Frivolity, Expense, Etc.: Plaintiffs argue that granting certification would best serve the interests of justice and judicial administration. ECF No. 107 at PageID.2356. However, the United States Supreme Court warned that a remedy pursuant to 54(b) "…should be reserved for the infrequent harsh case because of the overload in appellate courts which would otherwise result from appeals of an interlocutory nature." *Curtiss-Wright Corp.*, 446

U.S. at 5. Simply put, certification of the 12/07/22 Order will result in unnecessary duplicative work, for both counsel and the court alike.

Finally, certification under Rule 54(b) is a "rare and extraordinary event," which should only be granted "in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship." *Callahan v. Alexander*, 810 F.Supp. 884 (E.D. Mich. 1993). Plaintiffs have failed to demonstrate what "extreme hardship" they would endure by delaying appellate review, and mere convenience is never sufficient to justify certification. *Carpenter v. Liberty Insurance Corp.*, 850 Fed.Appx. 351, 356 (6th Cir. 2021). Ultimately, the *Corrosioneering* factors weigh against granting certification in this case.

## CONCLUSION & RELIEF REQUESTED

Plaintiffs have failed to provide the Court with a compelling rationale to grant a certificate of appealability in this case. Given the relevant facts and law, Plaintiff's Motion for Certification of Appealability should be denied.

Respectfully submitted,

**GIARMARCO, MULLINS & HORTON, P.C.**

By: */s/ Geoffrey S. Wagner*
   Geoffrey S. Wagner (P70839)
   Attorney for Defendants

Dated: July 23, 2025

## **LOCAL RULE CERTIFICATION**

I certify that this document complies with Local Rule 5.l(a), including:

double-spaced (except for quoted materials and footnotes); at least one-inch

margins on the top, sides, and bottom; consecutive page numbering; and type size

of all text and footnotes that is no smaller and 10-1/2 characters per inch (for

non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is

the appropriate length. Local Rule 7.1(d)(3).

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2025, I caused the foregoing to be filed electronically through the Court's CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

By: */s/ Geoffrey S. Wagner*
GEOFFREY S. WAGNER (P70839)