UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREA TOWING AND RECOVERY,
INC., et.al.,

    Plaintiffs,

    v.

RICK SOLLARS, et.al.,

    Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Elizabeth A. Stafford

---

JAMES R. AUSTIN (P43400)
Corcoran Austin, P.C.
Attorneys for Plaintiffs
6880 Thayer Lake Road
Alden, MI 49612
(248) 9090-4752
jaustin@jaustinlaw.com

JOHN C. CLARK (P51356)
GEOFFREY S. WAGNER (P70839)
ANTHONY K. CHUBB (P72608)
Attorneys for Defendants Ramik and Sollars
Giarmarco Mullins & Horton, PC
101 W. Big Beaver Rd., 10th Floor
Troy, MI 48084
(248) 457-7000; Fax: (248) 457-7001
jclark@gmhlaw.com
achubb@gmhlaw.com

DAVID P. FRASER (P79291)
Attorney for Non-party
Gasper Fiore
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102

PAUL T. O'NEILL (P57293)
Attorney for Non-party Latif "Randy" Oram
74 W. Long Lake Road, Ste. 101
Bloomfield Hills, MI 48304
(248) 613-9476

| | |
|---|---|
| 239.228.7280, ext. 1002<br>dfraser@holmesfraser.com<br>service@holmesfraser.com | poneill@ptoplc.com |

_____

### NON-PARTY GASPER FIORE'S MOTION TO INTERVENE, FOR PROTECTIVE ORDER AND TO SEAL

Non-Party Gasper Fiore, through the undersigned counsel, files this Motion to Intervene, for Protective Order and to Seal and states as follows:

### INTRODUCTION

In a matter that was more than well-publicized, Non-party Fiore was investigated through the use of wiretaps and secret recordings, prosecuted, plead guilty and served 18 months in prison. On or about November 26, 2025, nearly six years after he was released from prison, Fiore was provided a subpoena for deposition through posting to appear for questioning on the wiretaps.

The undersigned has reviewed the file and discovered that via a stipulated order, the Court ordered/allowed the FBI to produce investigative materials including conversations captured pursuant to the Title III Wiretap Act. The production of Wiretap Act information in this civil matter is improper and should not be allowed as the people

whose conversations were captured, including Fiore, have serious privacy rights that have not been considered.

Respectfully, considering the serious Title III implications at bar, the Court should revisit the parties' stipulated order.

I. **The Right to Privacy under Title III**

Title III wiretaps raise serious privacy concerns. "In Title III, Congress enacted a comprehensive scheme for the regulation of wiretapping and electronic surveillance." Gelbard v. United States, 408 U.S. 41, 46 (1972). The "protection of privacy was an overriding congressional concern" when Congress enacted Title III. Id. The Senate committee report that accompanied Title III underscores the congressional policy:

> Title III has as its dual purpose (1) protecting the privacy of wire and oral communications, and (2) delineating on a uniform basis the circumstances and conditions under which the interception of wire and oral communications may be authorized. To assure the privacy of oral and wire communications, title III prohibits all wiretapping and electronic surveillance by persons other than duly authorized law enforcement officers engaged in the investigation or prevention of specified types of serious crimes, and only after authorization of a court order obtained after a showing and finding of probable cause.

Id. at 48 (quoting S. Rep. No. 1097, 90th Cong., 2d Sess., 66 (1968)). Congress was also concerned that "the information obtained" through

wiretaps "will not be misused." Id. at 47-48 (quoting § 801 (d), 82 Stat. 211).

The Supreme Court, in Olmstead v. United States, 277 U.S. 438 (1928), observed that:

> The evil incident to invasion of privacy of the telephone is far greater than that involving tampering with the mails. Whenever a telephone line is tapped, the privacy of the persons at both ends of the line is invaded, and all conversations between them, upon any subject, and although proper, confidential, and privileged, may be overheard. Moreover, the tapping of one man's telephone line involves the tapping of the telephone of every other person whom he may call, or who may call him.

Id. at 475-76.

Further, the statutory text evidences significant privacy concerns. Wiretap applications, "shall be sealed" by the issuing judge, and those documents cannot be disclosed without "a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b). Respectfully, an agreed order allowing the production of wiretap information does not consider the serious privacy concerns at issue.

The issue here is not only Gasper Fiore's privacy rights, but the many others who had conversations with Fiore. Title III was concerned with protecting the people at both ends of the targeted line.

## II. The Wiretap Act Does Not Provide for Production from the Intercepting Agency in Civil Discovery.

In enacting 18 U.S.C. § 2517, Congress set forth a list of instances where Wiretap Act information can be disclosed – civil discovery is not listed:

> (1) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.
>
> (2) Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication or evidence derived therefrom may use such contents to the extent such use is appropriate to the proper performance of his official duties.
>
> (3) Any person who has received, by any means authorized by this chapter, any information concerning a wire, oral, or electronic communication, or evidence derived therefrom intercepted in accordance with the provisions of this chapter may disclose the contents of that communication or such derivative evidence while giving testimony under oath or affirmation in any proceeding held under the authority of the United States or of any State or political subdivision thereof.
>
> (4) No otherwise privileged wire, oral, or electronic communication intercepted in accordance with, or in violation of, the provisions of this chapter shall lose its privileged character.

(5) When an investigative or law enforcement officer, while engaged in intercepting wire, oral, or electronic communications in the manner authorized herein, intercepts wire, oral, or electronic communications relating to offenses other than those specified in the order of authorization or approval, the contents thereof, and evidence derived therefrom, may be disclosed or used as provided in subsections (1) and (2) of this section. Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.

(6) Any investigative or law enforcement officer, or attorney for the Government, who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, may disclose such contents to any other Federal law enforcement, intelligence, protective, immigration, national defense, or national security official to the extent that such contents include foreign intelligence or counterintelligence (as defined in section 3 of the National Security Act of 1947 (50 U.S.C. 401a)), or foreign intelligence information (as defined in subsection (19) of section 2510 of this title), to assist the official who is to receive that information in the performance of his official duties. Any Federal official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information.

(7) Any investigative or law enforcement officer, or other Federal official in carrying out official duties as such Federal official, who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, may disclose such contents or derivative evidence to a foreign investigative or law enforcement officer to the extent that such disclosure is appropriate to the

proper performance of the official duties of the officer making or receiving the disclosure, and foreign investigative or law enforcement officers may use or disclose such contents or derivative evidence to the extent such use or disclosure is appropriate to the proper performance of their official duties.

(8) Any investigative or law enforcement officer, or other Federal official in carrying out official duties as such Federal official, who by any means authorized by this chapter, has obtained knowledge of the contents of any wire, oral, or electronic communication, or evidence derived therefrom, may disclose such contents or derivative evidence to any appropriate Federal, State, local, or foreign government official to the extent that such contents or derivative evidence reveals a threat of actual or potential attack or other grave hostile acts of a foreign power or an agent of a foreign power, domestic or international sabotage, domestic or international terrorism, or clandestine intelligence gathering activities by an intelligence service or network of a foreign power or by an agent of a foreign power, within the United States or elsewhere, for the purpose of preventing or responding to such a threat. Any official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information, and any State, local, or foreign official who receives information pursuant to this provision may use that information only consistent with such guidelines as the Attorney General and Director of Central Intelligence shall jointly issue. 18 U.S.C. § 2517 (1)-(8).

The list of permitted disclosures is telling. It contains specified terms, such as: "Attorney General," "Director of Central Intelligence," "domestic or international terrorism," "clandestine intelligence," "national defense," and "national security official."

It does not include nor come close to including "private civil litigation." Reasonable people cannot suggest that private civil litigation is anywhere close to inclusion on the eight listed categories dealing with criminal threats and national security.

Under the maxim expressio unius est exclusio alterius, the Court should presume that these were the only disclosures Congress intended to allow. See TVA v. Hill, 437 U.S. 153, 188 (1978); United States v. Dorfman, 690 F.2d 1230, 1232 (7th Cir. 1982); but see S.E.C. v. Rajaratnam, 622 F.3d 159, 178–79 (2d Cir. 2010) (discussed infra).

As the Seventh Circuit explained in Dorfman, "by permitting disclosure of lawfully obtained wiretap evidence only under the specific circumstances listed in 18 U.S.C. § 2517, Title III implies that what is not permitted is forbidden…" Dorfman, 690 F.2d at 1232. That "implication is reinforced by the emphasis the draftsmen put on the importance of protecting privacy to the extent compatible with the law enforcement objectives of Title III." Id. (citations omitted).

Dorfman explains the Court is supposed to balance privacy with the interests of law enforcement. Thus, in some cases privacy will give way to legitimate law enforcement interests like responding to "terrorist

threats." Those interests are not triggered in private civil litigation such as the case at bar and therefore privacy rights preeminent the analysis.

Nowhere does the statute authorize civil discovery of wiretap information. There are no categories that even come close to encompassing such disclosure. In fact, one of the privacy protections codified in Title III suggests the opposite: wiretap applications and orders entered thereon "shall be sealed by the judge" and "shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b).

Thus, Congress expressed its intent to prohibit the use of wiretap information other than in the eight listed categories. As private civil discovery is not listed in §2517, it is therefore not authorized for disclosure or use.

### III. Courts Have Routinely Rejected Wiretap Information Being Subject to General Civil Discovery.

Courts have routinely rejected attempts to obtain Wiretap Act information as Title III is not a general civil discovery mechanism.

In <u>Oakland Cnty. by Kuhn v. City of Detroit</u>, 610 F. Supp. 364, 367–68 (E.D. Mich. 1984), this court was faced with whether wiretap information was subject to civil discovery. This court explained,

> "it appears that disclosure of the wiretap material not presented during the criminal trials cannot be required pursuant to pre-trial or discovery subpoenas absent some further showing. Originally subsection (3) only permitted disclosure in criminal or grand jury proceedings. In 1970, Congress amended the subsection as part of § 902(b) of the Organized Crime Control Act of 1970, which established RICO, to allow disclosure in any proceeding.  Although this language is broad, it is certain that **Congress did not intend to create a general civil discovery mechanism**."

(citing National Broadcasting Company v. United States Dept. of Justice, 735 F.2d 51, 54 (2nd Cir.1984); United States v. Dorfman, 690 F.2d 1230, 1232–33 (7th Cir.1982) (quotations omitted, emphasis added).

In re Motion to Unseal Elec. Surveillance Evidence, 990 F.2d 1015, 1020 (8th Cir. 1993), the Eighth Circuit explained, "Though we find no provision in Title III to authorize disclosure in this case, even were we to find such authority, the manner of disclosure sought could not be accommodated. **At no point does section 2517 authorize pretrial disclosure to private civil litigants**. Those courts that have addressed the question have been unanimous on this point." (citations omitted, emphasis added).

In S.E.C. v. Rajaratnam, 622 F.3d 159, 178–79 (2d Cir. 2010), the Second Circuit explained, "We affirmed the district court, noting that, while § 2517(3) had been amended in 1970 to permit disclosure of materials in civil as well as criminal proceedings, **turning Title III into**

**a general civil discovery mechanism would simply ignore the privacy rights of those whose conversations are overheard**." (Citations and quotations omitted, emphasis added) (allowing the production by the defendant to the SEC of materials already disclosed by the justice department in a related criminal matter).

Notably, S.E.C. v. Rajaratnam, 622 F.3d 159, 178–79 (2d Cir. 2010) rejected the expressio unius est exclusio alterius Dorfman argument as there is a split in the Circuits. However, Rajaratnam, still recognized that the Wiretap Act did not allow for general civil discovery and Rajaratnam only allowed the documents that had been previously produced to the defendants in their criminal trial to be subject to discovery in the civil proceeding, which is not the case at bar.

In Nat'l Broad. Co. v. U.S. Dept. of Justice, 735 F.2d 51, 54 (2d Cir. 1984), the Second Circuit explained that "turning Title III into a general civil discovery mechanism would simply ignore the privacy rights of those whose conversations are overheard."

IV.  **The Wiretap Information Should Be Clawed Back and Sealed.**

As the wiretap information is not subject to discovery in this matter, the Court should enter an order requiring all information to be

returned to the FBI. Further, it should order the information to be purged from all systems that received the information along with requiring the names of all people who reviewed or received the information so that they may be subject of the order to purge.

## V. Alternately, Fiore Requests a Coordinated Deposition.

To the extent the deposition will be allowed, the subject subpoena was received by posting on or about November 26, 2025, for a deposition to occur on December 4, 2025, which is approximately 4 business days later with the Thanksgiving holiday in between. The undersigned has a previously scheduled mediation that day and is unable to attend the deposition.

Fed. R. Civ. P. 45(d)(3) states that, "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply…"

Four business days with an intervening Thanksgiving holiday is not a reasonable time to comply. Thus, the subpoena should be quashed or modified.

If a deposition is to occur, it should be coordinated and set at a mutually agreeable date and time.

## CONCLUSION

Title III Wiretaps are not subject to general civil discovery.

WHEREFORE Non-party Gasper Fiore respectfully requests an order granting his motion and ordering as follows:

1. Ordering the return of the wiretap information to the FBI;
2. Ordering the purge of any wiretap information along with the filing of an oath or affirmation confirming such purge;
3. Requiring the disclosure of all names who viewed or received copies of the wiretap information so that they may be subject of the purge order;
4. Ordering the wiretaps sealed;
5. Quashing the subpoena or modifying it to a mutually agreeable date and time;
6. Awarding all other relief deemed just and proper.

## CERTIFICATE OF CONFERRAL

The undersigned certifies that prior to the filing of this Motion, he conferred with counsel of record for Defendants Geoff Wagner who

indicates he does not take a position on the relief requested and Counsel for Plaintiff Justin Austin who indicates he opposes the relief requested in the Motion.

Respectfully submitted this 2nd day of December 2025.

/s/ David P. Fraser
David P. Fraser (P79291)
Attorney for Non-party Gasper Fiore
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2025, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ David P. Fraser
David P. Fraser (P79291)