UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREA TOWING AND RECOVERY, INC., *et.al.,*
    Plaintiffs,

v.

RICK SOLLARS, *et.al.,*
    Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Elizabeth A. Stafford

| | |
|---|---|
| JAMES R. AUSTIN (P43400)<br>Corcoran Austin, P.C.<br>Attorneys for Plaintiffs<br>6880 Thayer Lake Road<br>Alden, MI 49612<br>(248) 9090-4752<br>jaustin@jaustinlaw.com | JOHN C. CLARK (P51356)<br>GEOFFREY S. WAGNER (P70839)<br>ANTHONY K. CHUBB (P72608)<br>Attorneys for Defendants Ramik and Sollars<br>GIARMARCO MULLINS & HORTON, PC<br>101 W. Big Beaver Rd., 10th Floor<br>Troy, MI 48084<br>(248) 457-7000; Fax: (248) 457-7001<br>jclark@gmhlaw.com<br>achubb@gmhlaw.com |
| DAVID P. FRASER (P79291)<br>Holmes Fraser, PA<br>Attorney for Non-party Gasper Fiore ONLY<br>711 5th Avenue South, Suite 200<br>Naples, Florida 34102<br>(239) 228-7280, ext. 1002<br>dfraser@holmesfraser.com<br>service@holmesfraser.com | PAUL T. O'NEILL (P57293)<br>Attorney for Non-party Latif "Randy" Oram<br>74 W. Long Lake Road, Ste. 101<br>Bloomfield Hills, MI 48304<br>(248) 613-9476<br>poneill@ptoplc.com |

**PLAINTIFF AREA TOWING'S RESPONSE IN OPPOSITION TO NONPARTY GASPER FIORE'S MOTION TO INTERVENE, FOR PROTECTIVE ORDER AND TO SEAL (ECF NO. 120).**

**NOW COMES**, Plaintiff, AREA TOWING AND RECOVERY, INC., by and through their legal counsel, JAMES AUSTIN, and for its Response in Opposition to

Nonparty Gasper Fiore's Motion to Intervene, For Protective Order and To Seal (ECF No. 120) **("Response in Opposition"),** states as follows:

## I.     PROCEDURAL HISTORY

On September 3, 2025, the Court signed the *Stipulated* Protective Order under the Privacy Act for the FBI to produce copies of documents and wiretap recordings to Plaintiff Area Towing in response to subpoena duces tecum issued March 19, 2025. (ECF No. 111). On that same day, September 3, 2025, the Court issued a "Text-Only Order" that stated the following:

> "The Court will permit a *final* extension of the scheduling order deadlines. SO ORDERED. ( **Discovery due by 12/5/2025**, **Dispositive Motion Cut-off set for 1/23/2026**)."
> [emphasis in original and supplied.]

About two (2) weeks thereafter, the FBI produced to Plaintiff Area Towing's legal counsel a flash drive containing a *voluminous* number of documents and wiretaps that were responsive to Plaintiff Area Towing's subpoena duces tecum issued March 19, 2025.

As noted, the flash drive the FBI produced was *voluminous*. After reviewing thousands of pages and audio recordings, it became apparent that Nonparties Gasper Fiore, and his daughter, Jennifer Fiore, were relevant witnesses to this case. Accordingly, on November 11, 2025, Plaintiff's counsel issued third-party deposition subpoenas to Nonparties Gasper and Jennifer Marie Fiore. (ECF No. 112, PageID. 2390-2395). Plaintiff's counsel initially scheduled Gasper Fiore's deposition to be held on November 24, 2025 at 11 a.m. and Jennifer Marie Fiore's

deposition to be held on November 25, 2025 at 11 a.m. (ECF No. 112, PageID. 2390-2395).

Plaintiff Area Towing's legal counsel immediately retained process server Martin Drouillard to execute personal service of the third-party deposition subpoenas on Nonparties Gasper and Jennifer Marie Fiore along with their witness and mileage fees. (ECF No. 112, PageID. 2397-2399). Since November 14, 2025, Process Server Martin Drouillard made numerous unsuccessful attempts at multiple addresses to serve Nonparties Gasper and Jennifer Marie Fiore with third-party deposition subpoenas for the above-entitled matter. (ECF No. 112, PageID. 2397-2399).

Public property, voting, and State Bar of Michigan records indicate that Gasper and Jennifer Marie Fiore list 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236 as a home residence and office address.  Gasper Fiore is Jennifer Marie Fiore's father.  Jennifer Marie Fiore (P74625), who is a licensed attorney in the state of Michigan, lists 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236 as her office address in the Michigan Bar Journal. (ECF No. 112, PageID. 2397-2399).

From November 14, 2025 through November 17, 2025, Process Server Martin Drouillard ("Mr. Drouillard") made 4 separate attempts to serve Gasper and Jennifer Marie Fiore at the home residence located at 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236. (ECF No. 112, PageID. 2397-2399). On November 14, 2025 at approx. 7:30 a.m., Mr. Drouillard attempted to serve Gasper and Jennifer Marie Fiore at 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236. (*Id.*)  On

November 15, 2025 at approx. 7:05 a.m., Mr. Drouillard attempted to serve Gasper and Jennifer Marie Fiore at 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236. (*Id.*) Lastly, on November 17, 2025, at approx. 6:30 a.m. and at approx. 7:30 a.m., Mr. Drouillard attempted to serve Gasper and Jennifer Marie Fiore at 699 Lake Shore Dr., Grosse Pointe Shores, MI 48236. (*Id.*)

Mr. Drouillard also attempted to serve Gasper and Jennifer Marie Fiore at multiple business locations for Boulevard and Trumbull (B &T) Towing, which is owned by Gasper Fiore. Jennifer Marie Fiore has been listed as Boulevard and Trumbull Towing's legal counsel. (*Id.*) The locations for Boulevard and Trumbull Towing that Mr. Drouillard visited on November 15th and 17th, 2025 were the Vinewood Yard location, which is located at 2411 Vinewood St, Detroit, MI 48216; and the Dix Yard location, which is located at 7900 Dix, Detroit, MI 48209. (*Id.*)

On November 15, 2025 at approx. 10 a.m. and November 17, 2025 at approx.. 8:14 a.m., Mr. Drouillard attempted to served Gasper and Jennifer Marie Fiore at Boulevard and Trumbull Towing's Vinewood Yard location, which is located at 2411 Vinewood St, Detroit, MI 48216. (*Id.*) And lastly, on November 15, 2025 at approx. 10:17 a.m., Mr. Drouillard attempted to serve Gasper and Jennifer Marie Fiore at Boulevard and Trumbull's Towing's Dix Yard location, which is located at 7900 Dix, Detroit, MI 48209. (*Id.*)

In addition to the diligent efforts of Mr. Drouillard, Plaintiff's counsel also sent numerous email communications and follow up phone calls to Gasper Fiore's personal attorney, Nicholas Bachand. On October 17, 2025, Plaintiff's counsel

emailed Gasper Fiore's legal counsel, Nicholas Bachand ("Attorney Bachand"), informing him of the likelihood of Plaintiff issuing third-party deposition subpoenas for Gasper and Jennifer Fiore and further advising Attorney Bachand that Plaintiff was granted approval to obtain copies of FBI documents and audio recordings of wiretaps from Gasper Fiore's federal criminal case. (ECF No. 112, PageID. 2401).

After sending the October 17th email to Attorney Bachand, later that same day, Plaintiff's legal counsel received an *angry* telephone call from Attorney Bachand on behalf of Gasper and Jennifer Fiore. During the October 17th telephone call, Attorney Bachand, in a very *angry and irritated* tone, informed Plaintiff's counsel that he was not happy with Plaintiff's counsel and further advised Plaintiff's counsel that he did not think Plaintiff should have been granted the authority to obtain copies of the FBI documents and audio recordings of the wiretaps obtained in Gasper Fiore's federal criminal case.

On November 10th and 13th, 2025, Plaintiff's counsel then sent Attorney Bachand follow up emails concerning the issuing of the third-party deposition subpoenas to Gasper and Jennifer Fiore. To date, Plaintiff's counsel has **NOT** received a formal written response and/or telephone call from Attorney Bachand on behalf of Gasper and Jennifer Fiore.

After not receiving a response from Non-parties Gasper and Jennifer Fiore, on November 21, 2025, Plaintiff filed an Emergency Motion for Alternate Service of Third-Party Deposition Subpoenas to Nonparties Gasper and Jennifer Fiore. (ECF No. 112, PageID. 2380-2401). On November 24, 2025, this Honorable Court

graciously issued an order **GRANTING** Plaintiff's emergency motion for alternate service. (ECF No. 114, PageID. 2443-2444).  The Court found that Plaintiff "Area Towing is unable to effectuate service by personal delivery on these individuals, despite diligent efforts." (ECF No. 114, PageID. 2443).  Accordingly, the Court ordered "that alternate service of the third-party deposition subpoenas on Nonparties Gasper Fiore and Jennifer Marie Fiore be executed by mailing via first-class mail to, and posting at, their known residential and business addresses." (ECF No. 114, PageID. 2444).

In accordance with the Court's November 24, 2025 order (ECF No. 114, PageID. 2443-2444), on November 25, 2025, Plaintiff effectuated service of the third-party deposition subpoenas on Nonparties Gasper Fiore and Jennifer Marie Fiore by mailing via first-class mail, and posting at, their known residential and business addresses.  The third-party deposition subpoenas required Nonparties Gasper Fiore and Jennifer Marie Fiore to appear and testify at their respective depositions December 4, 2025. (ECF No. 120, PageID. 2477-2490; ECF No. 123, PageID. 2497-2501).

On December 2, 2025, Nonparty Gasper Fiore filed a motion to intervene, for protective order and to seal. (ECF No. 120, PageID. 2477-2490).  The next day, on December 3, 2025, his daughter, Nonparty Jennifer Marie Fiore filed a notice of joinder/concurrence to Nonparty Gasper Fiore's motion. (ECF No. 123, PageID. 2497-2501). Prior to filing the instant response, on December 3, 2025, Plaintiff filed an emergency motion for expedited review and consideration of Nonparty Gasper

Fiore's motion [120]. (ECF No. 121). However, on December 4, 2025, the Court issued an opinion and order **DENYING** Plaintiff's motion to expedite [121]. (ECF No. 124, PageID. 2502-2503).

## II. LAW AND LEGAL ANALYSIS

### A. Section 2517(3) of the Wiretap Act Does NOT Prevent The FBI's and U.S. Attorney's Voluntary Disclosure of Information Obtained In Gasper Fiore's and Defendant Rick Sollars' Federal Criminal Cases.

In a last-minute desperate attempt to prevent from having to testify under oath about the potentially unlawful actions of his close ally and friend, Defendant Rick Sollars, Nonparty Gasper Fiore has thrown a "Hail Mary" by asserting the meritless defense that §2517(3) of the WireTap Act prevents the disclosure of information obtained through lawfully executed wiretaps.

As noted in Nonparty Gasper Fiore's motion (ECF No. 120, PageID. 2477-2490), the issue of whether the FBI and U.S. Attorney for the Eastern District of Michigan can *voluntarily* disclose information obtained through wiretaps under the Wiretap Act was examined by a court of this district in *County of Oakland v City of Detroit*, 610 F.Supp. 364, 368-369 (E.D.Mich. 1984). Unfortunately for Nonparty Gasper Fiore, however, the holding in *Oakland County, supra,* does **NOT** support his legal position. Rather, the holding in *Oakland County, supra*, supports the FBI's and U.S. Attorney's decision to *voluntarily* disclose relevant information to the Plaintiff that was obtained through properly issued wiretaps under the Wiretap Act.

In *Oakland County*, a court of this district, correctly opined:

> **Section 2517(3) prescribes the proper method of disclosure of surveillance material. Once the material has been revealed, however, the purpose of Section 2517(3) ceases and the requirements of that section no longer govern**. Under such circumstances, the privacy interests of the defendants cannot stand as an obstacle to the public's access to evidence admitted in open court.

610 F.Supp. at 369 (emphasis supplied). As noted by the *Oakland County* court, the Second Circuit Court of Appeals, in *National Broadcasting Company v. United States Dept. of Justice,* 735 F.2d 51, 54 (2nd Cir.1984), "stated in *dicta* that **§ 2517(3) contemplates that the Government and not the courts should decide whether wiretap material be released**." 610 F.Supp. at 368 (emphasis supplied).

In *NBC*, the Second Circuit opined:

> Under Title III, with few exceptions not here relevant, no one other than the Government can lawfully engage in wiretapping and it therefore is not so unusual that only the Government can enjoy its fruits. **Beyond that, the Government is in a position to make a judgment whether disclosure of the intercepted evidence will or will not be in accordance with the overall public interest, while a private litigant is not.** NBC is certainly right in saying that the Government should not be arbitrary in making the disclosure to some private citizens but not to others.

735 F.2d at 54 (emphasis supplied).

As noted, the FBI and U.S. Attorney for the Eastern District of Michigan, prior to agreeing to voluntarily disclose the requested information to the Plaintiff, thoroughly examined all applicable federal statutes and the rights of Nonparty Gasper Fiore and Defendant Rick Sollars. *See* ECF No. 111. Per the holding in Oakland County, **"[o]nce the material has been revealed, however, the**

**purpose of Section 2517(3) ceases and the requirements of that section no longer govern**." 610 F.Supp. at 369 (emphasis supplied).

Therefore, because the FBI and the U.S. Attorney for the Eastern District of Michigan had discretion to voluntarily disclose the requested information under §2517(3) of the Wiretap Act, there's no merit to Nonparty Gasper Fiore's motion (ECF No. 120, PageID. 2477-2490) and it should be **DENIED**.

### B. Nonparty Gasper Fiore Is A Relevant Witness That Plaintiff Area Towing Has The Right To Depose Based Upon Nonparty Gasper Fiore's FBI Recorded Conversations With Defendant Rick Sollars and Various Nonparties, Including His Daughter, Jennifer Fiore, and Latif "Randy" Oram.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. Under Federal Rule of Civil Procedure 45(a), "a party may serve a subpoena on a non-party . . . commanding that party to `attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises' at a specified time and place." *Atlantech, Inc. v. Am. Panel Corp.,* No. 11-50076, 2011 WL 2078222, at *2 (E.D. Mich. May 24, 2011). Rule 45 permits a nonparty served with a subpoena to petition the Court in the district where the subpoena was served to quash or modify the subpoena. Fed.R.Civ.P. 45(d)(3)(A)(iv).

"A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.,* 315 F.R.D. 220, 222 (E.D. Mich. 2016)

(quotations omitted). "'The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.'" *Loyd v. Saint Joseph Mercy Oakland,* 766 F.3d 580, 593 (6th Cir. 2014) (quoting *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)). Under Rule 26, parties may obtain "discovery of any relevant, non-privileged information," *In re Ohio Execution Protocol Litigation,* 845 F.3d 231, 236 (6th Cir. 2016) (citing Fed. R. Civ. P. 26(b)(1)), that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir. 2007). Courts may limit discovery requests for information that is outside the scope allowed by Rule 26, or is cumulative or easily obtained elsewhere. Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff Area Towing simply seeks to depose and ask Nonparty Gasper Fiore about the conversations contained on the FBI audio recordings.  Additionally, Plaintiff Area Towing would like to ask Nonparty Gasper Fiore about information

contained in his FBI 302, as well as information contained in other nonparties' FBI 302s that is relevant to Plaintiff's meritorious claims in this lawsuit.

### C. There's No Legal Basis To Quash Plaintiff's Third-Party Deposition Subpoena to Nonparty Gasper Fiore To Appear and Testify At A Deposition.

"The party seeking to quash a subpoena bears the burden of demonstrating that the discovery sought should not be permitted." *Atlantech, Inc.,* at *2. "[T]he party seeking to quash a third-party subpoena must meet a heavy burden of proof." *Proto Gage, Inc. v. Fed. Ins. Co.,* No. 21-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022).

Under Rule 45 of the Federal Rules of Civil Procedure, parties may command a nonparty to, *inter alia*, attend and testify at a specified time and place, as well as produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). The rule requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. 45(d)(3)(A).

A court *must* quash a subpoena if it (1) fails to give the party a reasonable time to comply or requires compliance beyond the applicable geographic limits, (2) requires the disclosure of either privileged or other protected matter in the absence of an applicable exception or waiver, or (3) would be unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A); *see also Atlantech, Inc.,* at *2. A court *may* quash or modify a subpoena if it requires the disclosure of (1) "a trade secret or other confidential

research, development, or commercial information" or (2) "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(c)(3)(B); *see also Atlantech, Inc.,* at *2.

Simply, Nonparty Gasper Fiore has failed to meet his burden "of demonstrating that the discovery sought should not be permitted." *Atlantech, Inc.,* at *2. Moreover, the FBI audio recordings of Nonparty Gasper Fiore with multiple individuals, including Defendant Rick Sollars and nonparties Jennifer Fiore and Latif "Randy" Oram, are directly relevant and pertinent to Plaintiff's claims against Defendant Rick Sollars.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Area Towing prays that this Honorable Court **DENIES** Nonparty Gasper Fiore's Motion to Intervene, For Protective Order and To Seal (ECF No. 120, PageID. 2477-2490); and Plaintiff Area Towing further prays that this Honorable Court **ISSUES AN ORDER** compelling Nonparties Gasper Fiore and Jennifer Marie Fiore to appear and testify at a deposition within 14 days of the entry of this order on a date and time mutually agreed upon by Plaintiff's counsel and counsel for Nonparties Gasper Fiore and Jennifer Marie Fiore.

**Dated: December 5, 2025**　　　　　　　　　**Respectfully submitted,**
　　　　　　　　　　　　　　　　　　　　　　**/s/ JAMES R. AUSTIN**
　　　　　　　　　　　　　　　　　　　　　　JAMES R. AUSTIN (P43400)
　　　　　　　　　　　　　　　　　　　　　　Corcoran, Austin, P.C.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　6880 Thayer Lake Road
　　　　　　　　　　　　　　　　　　　　　　Alden, MI 49612

## CERTIFICATE OF SERVICE

      I, JAMES R. AUSTIN, certify that the foregoing document(s) was filed and served via the Court's electronic filing system this **5th** day of December, 2025, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

| | |
|---|---|
| **Dated: December 5, 2025** | **Respectfully submitted,** |
| | **/s/ JAMES R. AUSTIN** |
| | JAMES R. AUSTIN (P43400) |
| | Corcoran, Austin, P.C. |
| | Attorneys for Plaintiffs |
| | 6880 Thayer Lake Road |
| | Alden, MI 49612 |
| | (248) 909-4752 |
| | jaustin@jaustinlaw.com |