UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREA TOWING AND RECOVERY,
INC., et.al.,

    Plaintiffs,

    v.

RICK SOLLARS, et.al.,

    Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Elizabeth A. Stafford

___

JAMES R. AUSTIN (P43400)
Corcoran Austin, P.C.
Attorneys for Plaintiffs
6880 Thayer Lake Road
Alden, MI 49612
(248) 9090-4752
jaustin@jaustinlaw.com

JOHN C. CLARK (P51356)
GEOFFREY S. WAGNER (P70839)
ANTHONY K. CHUBB (P72608)
Attorneys for Defendants Ramik and Sollars
Giarmarco Mullins & Horton, PC
101 W. Big Beaver Rd., 10th Floor
Troy, MI 48084
(248) 457-7000
jclark@gmhlaw.com
achubb@gmhlaw.com

DAVID P. FRASER (P79291)
Attorney for Non-party Gasper Fiore
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102
239.228.7280, ext. 1002

PAUL T. O'NEILL (P57293)
Attorney for Non-party Latif "Randy" Oram
74 W. Long Lake Road, Ste. 101
Bloomfield Hills, MI 48304
(248) 613-9476
poneill@ptoplc.com

dfraser@holmesfraser.com
service@holmesfraser.com

Ben M. Gonek (P43716)
Attorney for Non-Party Jennifer Fiore
Law Office of Ben Gonek, PLLC
14290 Northline Road
Southgate, Michigan 48195
313.963.3377
Ben@goneklaw.com

---

### NON-PARTY GASPER FIORE'S REPLY TO RESPONSE [DKT. 125] TO MOTION TO INTERVENE FOR PROTECTIVE ORDER AND TO SEAL [DKT. 120]

Non-Party Gasper Fiore, through the undersigned counsel, files this Reply to Plaintiff's Response [DKT. 125] to Non-Party Fiore's Motion to Intervene for Protective Order and to Seal [DKT. 120], and states as follows:

### INTRODUCTION

The FBI did not voluntarily release wiretap information for use in this civil matter, nor does the Wiretap Act allow such disclosure.

The Wiretap Act authorizes disclosure in very specialized circumstances such as criminal prosecutions or national security threats. Despite Plaintiff's suggestion otherwise, "because the FBI decided to" is not a category of authorized disclosure. Here, the privacy

rights of the people captured by the wiretaps are paramount and actions to protect those rights must be taken.

I. **WIRETAP INFORMATION IS HIGHLY SECRETED AND SUBJECT TO DISCLOSURE IN VERY LIMITED CIRCUMSTANCES, WHICH ARE NOT PRESENT HERE.**

From the initiation of a wiretap to its use in court, the process is set forth in 18 U.S.C. §§ 2510 et seq.

Step 1 - Judicial Authorization. Any interception by the FBI must first be authorized by a federal judge based upon probable cause that a federal offense is being committed, and relevant communications will be intercepted. See 18 U.S.C. § 2518(3).

Step 2 – Use and Disclosure. The list of permitted disclosures of Wiretap information is set forth in 18 U.S.C. § 2517.

Step 3 - Sealing. "… such recordings shall be made available to the judge issuing such order and sealed under his directions….The presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom under subsection (3) of section 2517."

Thus, the statutory framework is clear. A Court authorizes the wiretap, there is a specific list of permitted disclosures, and the recordings are sealed and kept secret.

No reading of the statute supports the idea that the FBI can voluntarily disclose this information if it so desires. Indeed, the text of §2517 expressly suggests otherwise. It states the information can only be shared by law enforcement under certain conditions, such as:

1. "may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure." (§2517(1)).

2. "may use such contents to the extent such use is appropriate to the proper performance of his official duties." ((§2517(2)).

3. "Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable." (§2517(5)).

4. "Any Federal official who receives information pursuant to this provision may use that information only as necessary in the conduct of that person's official duties subject to any limitations on the unauthorized disclosure of such information." (§2517(6)).

5. "may use or disclose such contents or derivative evidence to the extent such use or disclosure is appropriate to the proper performance of their official duties." (§2517(7)).

6. "may use that information only consistent with such guidelines as the Attorney General and Director of Central Intelligence shall jointly issue." (§2517(8)).

Congress uses phrases like, "only consistent with such guidelines as the Attorney General and Director of Central Intelligence shall jointly issue" or "to the extent such use or disclosure is appropriate to the proper performance of their official duties." General civil discovery is not akin to the phrases authored by Congress.

The suggestion that "because the FBI decided to" allows disclosure is not supported anywhere in the statute and would render the §2517 list meaningless.

Further, taking §2517(8) for instance, it allows for disclosure to "any appropriate Federal, State, local, or foreign government official to the extent that such contents or derivative evidence reveals a threat of actual or potential attack or <u>other grave hostile acts…only consistent with such guidelines as the Attorney General and Director of Central Intelligence shall jointly issue</u>." (emphasis added). Thus, subsection 8 allows for wiretap disclosure when faced with grave hostile acts but only consistent with joint guidelines from the Attorney General and Director of Central Intelligence. According to Plaintiff there is a much

simpler alternative for the government agency: ignore the AG and CIA Director joint guidelines and do whatever the agency wants.

Respectfully, the position that there is another unlisted exception of "when the FBI decides to" is not a persuasive argument. It is a very unreasonable reading of the statute to suggest Congress took the time to give very specific instructions on disclosure, but the FBI can also disclose the wiretap recordings whenever it pleases.

## II. THE FBI DID NOT VOLUNTARILY DISCLOSE THIS INFORMATION.

Plaintiff suggests the FBI voluntarily produced this information. As stated above, Congress gives very specific instructions and instances where law enforcement can disclose or use wiretap recordings. Thus, the FBI cannot simply handout wiretap recordings to whoever requests them. Indeed, no one expects they could call an FBI field office and set up a time to collect wiretap recordings. No one expects wiretap recordings to be produced responsive to a FOIA, but Plaintiff's argument suggests otherwise.

Further, contrary to the assertion of voluntary, the record shows the FBI was served a subpoena, which is a court order and the opposite of voluntary. [Dkt. 111].

Further, to the extent the government did voluntarily disclose confidential wiretap information, it is the Court's duty to check improper Executive action. Congress did not want the Executive voluntarily disclosing wiretaps.

### III. COUNTY OF OAKLAND V. CITY OF DETROIT DOES NOT SUPPORT VOLUNTARY DISCLOSURE.

Very respectfully, Plaintiff misses the holding of County of Oakland v. City of Detroit, 610 F. Supp. 364 (E.D. Mich. 1984) while relying on dicta taken out of context. Plaintiff latches on to the comment that the government gets to decide what wiretaps to release, but misses the decision to release is still constrained by the statutory restrictions.

The holding in County of Oakland was to quash the subpoena to the United States Attorney's Office to the extent it sought wiretap information not disclosed in the criminal matter. This is essentially what Fiore seeks here (albeit, along with additional relief as the government has already responded to the subpoena).

In County of Oakland, this court explained that if a document was publicly disclosed in a criminal matter, then the privacy concerns are no more, and it is subject to civil discovery. Thus, the government gets to

decide what information it uses in the criminal case that is then publicly disclosed at trial. Fiore agrees.

However, Plaintiff reads this to mean the government can freely decide to disclose whatever it wants, whenever it wants, which is nowhere near the reasoning, dicta, nor holding of County of Oakland.

Fiore agrees with Plaintiff that the government gets to decide what to disclose, but Plaintiff misses that the government's decision making ability is subject to the prescribed statutory authority. The list in §2517 includes criminal prosecutions, terrorist threats and grave dangers. It does not include private civil towing litigation.

Thus, County of Oakland stands for the proposition that if the government has chosen to properly use something pursuant to §2517 in a criminal matter leading to its public disclosure, then it may be discovered in a related civil matter. Oakland County does not give the government carte blanche authority to ignore §2517. (Notably, in the criminal cases that allow wiretaps to be disclosed to the defendants prior to trial, they are accompanied by an order sealing them. Thus, they do not become public until trial, which many cases do not make it to trial).

Plaintiff's argument means that Congress's list in §2517 is mere surplusage. According to Plaintiff, the requirements to only use wiretap information in connection with official duties or grave threats mean nothing because as Plaintiff suggests "the FBI and U.S. Attorney for the Eastern District of Michigan" can voluntarily disclose the wiretap information in private civil litigation when it so decides.

Notably, County of Oakland v. City of Detroit and S.E.C. v. Rajaratnam, 622 F.3d 159, 178–79 (2d Cir. 2010) deal with civil cases related to criminal prosecutions. County of Oakland quashed the subpoena to the extent it sought information not previously disclosed and S.E.C. v. Rajaratnam, stands the same proposition. While recognizing that "turning Title III into a general civil discovery mechanism would simply ignore the privacy rights of those whose conversations are overheard," the Second Circuit required production from a civil defendant the items the civil defendant received from the criminal prosecutors. Rajaratnam, 622 F.3d 159, 178–79 (2d Cir. 2010).

Thus, in both cases, the government decided to properly disclose wiretap information in criminal prosecutions, which since it was properly disclosed, no longer carried the privacy interests and therefore

was subject to civil discovery. This has not occurred with the wiretaps at bar.

No case allows for the government to disclose information outside the confines of the statutory authority, which is what has happened here.

IV. **FIORE'S ARGUMENT IS NOT A HAIL-MARY AS PLAINTIFF SUGGESTS, RATHER IT IS THE PLAIN READING OF THE STATUTE, CASE LAW AND A COPY AND PASTE OF AN EIGHTH CIRCUIT EN BANC OPINION.**

Plaintiff classifies Fiore's argument as a "Hail Mary," which is far from an accurate classification.

As stated in the Motion, Fiore's argument is sound and the cases are uniform on the matter of private wiretap information not being subject to civil discovery:

- "…we are sure that Congress did not utilize a provision in the Organized Crime Control Act to make the fruits of wiretapping broadly available to all civil litigants who show a need for them." Nat'l Broad. Co. v. U.S. Dept. of Justice, 735 F.2d 51, 54 (2d Cir. 1984).

- "…it is certain that Congress did not intend to create "a general civil discovery mechanism." <u>Oakland Cnty. by Kuhn v. City of Detroit</u>, 610 F. Supp. 364, 368 (E.D. Mich. 1984).

- " In the first place, section 2517(3) of Title III (18 U.S.C. § 2517(3)) explicitly provides for disclosure only 'while [the individual is] giving testimony under oath or affirmation.'" <u>Dowd v. Calabrese</u>, 101 F.R.D. 427, 435 (D.D.C. 1984) ) (suggesting that disclosure of private recordings can only occur in criminal proceedings).

- "At no point does section 2517 authorize pretrial disclosure to private civil litigants. Those courts that have addressed the question have been unanimous on this point." <u>In re Motion to Unseal Elec. Surveillance Evidence</u>, 990 F.2d 1015, 1020 (8th Cir. 1993).

Thus, Fiore's argument is far from a Hail-Mary – it is a copy and paste of the Eighth Circuit's en banc opinion in <u>Unseal Elec. Surveillance Evidence</u>, 990 F.2d 1015, 1020 (8th Cir. 1993). It is not as if Fiore has adopted an obscure unpublished opinion. He has relayed a en banc holding from the Eighth Circuit Court.

An argument adopted en banc by the Eighth Circuit is not a Hail Mary. The law strongly supports Fiore's position.

V.  **FIORE DOES NOT OPPOSE A DEPOSITION IN THIS MATTER, HE JUST OPPOSES THE DISCLOSURE OF WIRETAPS.**

Plaintiff addresses the general discovery standard. To avoid any confusion, Fiore is not arguing that he can prevent his deposition. Fiore is arguing that the wiretaps should remain under seal and not disclosed and that his deposition be coordinated to occur at a reasonable date and time.

VI.  **THE COURT MUST BALANCE THE INTEREST OF LAW ENFORCEMENT WITH PRIVACY OF NON-PARTIES.**

As set forth in the moving paper, even if a proper category of disclosure was present at bar, which is not the case, when deciding to allow a wiretap to be disclosed, the Court must balance the interests of law enforcement with the privacy interest of those captured by the recordings. There is no law enforcement interest at bar. Thus, the privacy interests prevail. The Court should take all steps possible to protect the privacy interests of those who are on the wiretap recordings.

## CONCLUSION

Title III Wiretaps are not subject to general civil discovery. Fiore is unaware of any wiretap information that was publicly disclosed in criminal prosecutions. Thus, they all must be sealed and remedial measures taken to the extent already disclosed. Fiore's deposition should occur at a mutually agreeable date and time.

Respectfully submitted this 11th day of December 2025.

/s/ David P. Fraser
David P. Fraser (P79291)
Attorney for Non-party Gasper Fiore
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2025, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ David P. Fraser
David P. Fraser (P79291)