UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREA TOWING AND RECOVERY, INC., *et.al.,*
    Plaintiffs,

v.

RICK SOLLARS, *et.al.,*
    Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Curtis Ivy, Jr.

| | |
|---|---|
| JAMES R. AUSTIN (P43400)<br>Corcoran Austin, P.C.<br>Attorneys for Plaintiffs<br>6880 Thayer Lake Road<br>Alden, MI 49612<br>(248) 9090-4752<br>jaustin@jaustinlaw.com | JOHN C. CLARK (P51356)<br>GEOFFREY S. WAGNER (P70839)<br>ANTHONY K. CHUBB (P72608)<br>Attorneys for Defendants Ramik and Sollars<br>GIARMARCO MULLINS & HORTON, PC<br>101 W. Big Beaver Rd., 10th Floor<br>Troy, MI 48084<br>(248) 457-7000; Fax: (248) 457-7001<br>jclark@gmhlaw.com<br>achubb@gmhlaw.com |
| TODD RUSSELL PERKINS (P55623)<br>Perkins Law Group, PLLC<br>Co-counsel for Plaintiffs<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702 (office)<br>Email: tperkins@perkinslawgroup.net | |

**PLAINTIFF AREA TOWING'S EMERGENCY MOTION TO COMPEL NONPARTY GASPER FIORE TO ANSWER QUESTIONS NONPARTY GASPER FIORE REFUSED TO ANSWER AFTER IMPROPERLY ASSERTING HIS FIFTH AMENDMENT RIGHT TO SELF-INCRIMINATION PURSUANT TO FED.R.CIV.P. 37(a)(3)(B)(i) AND AWARD ATTORNEY'S FEES AND COSTS PURSUANT TO FED.R.CIV.P 37(a)(5).**

**NOW COMES**, Plaintiff, Area Towing and Recovery, Inc., by and through its legal counsel, JAMES R. AUSTIN and TODD RUSSELL PERKINS, and for its Emergency Motion to Compel Nonparty Gasper Fiore to Answer Questions Nonparty Gasper Fiore Refused to Answer After Improperly Asserting His Fifth Amendment Right to Self-Incrimination Pursuant to Fed.R.Civ.P. 37(a)(3)(B)(i) and Award of Attorney's Fees and Costs Pursuant to Fed.R.Civ.P. 37(a)(5) ("Emergency Motion"), states as follows:

## I.   CONCURRENCE/CERTIFICATION UNDER FED.R.CIV.P. 37(a)(1).

Pursuant to Fed.R.Civ.P. 37(a)(1), counsel for Plaintiff Area Towing and Recovery, Inc. ("Plaintiff" or "Plaintiff Area Towing") hereby certifies that Plaintiff's counsel has in good faith conferred or attempted to confer with counsel for Nonparty Gasper Fiore in an effort to obtain Nonparty Gasper Fiore's sworn testimony without court action.

Additionally, prior to filing the instant Emergency Motion, Plaintiff's counsel sought concurrence from counsel for Nonparty Gasper Giore but concurrence was denied and/or not timely received, necessitating the filing of this Emergency Motion. Specifically in regards to concurrence, the attorney of record for Defendant Sollars has indicated that he takes no position, but he does object to the scheduling order being extended.

Inasmuch as counsel can appreciate Sollars' counsel's positions, it puts Plaintiff at a great disadvantage to not be able to continue an examination which was started but stopped due to non-party Gasper Fiore's errant assertion of the 5th Amendment. It is a clearly recorded issue that it was not Plaintiff who was dilatory or wasteful in the time given in this matter. It took several processes to gain compliance and great effort to get non-party into the "deponent seat". Therefore, to the extent that this matter remains unresolved, Plaintiff is requesting the court to allow for the completion of this deposition, even if it goes beyond the court's recently extended date of January 16, 2026.

It should be noted that, as a result of a bevy of motions which culminated in the court extending the discovery cut-off to January 16, 2026, for the purposes of conducting the examination of another non-party, Jennifer Fiore, daughter of non-party Gasper Fiore, this matter has been scheduled for January 15, 2026. Although the issue has yet to arise, since that deposition has not taken place, it can reasonably be anticipated that non-party deponent, Jennifer Fiore, may assert similar 5th Amendment constitutional protections, notwithstanding that Plaintiff remains affixed that this assertion of this constitutional protection is errant.

Further, non-party Gasper Fiore's counsel was not asked specifically on this issue regarding concurrence, but it was conveyed at the deposition that, upon the

court's ruling, on an issue mired in the matrix of civil and criminal laws and protections therein, his client would follow said order(s) of the court.

Further, given the advancing cut-off date, and counsel's position to object to any extension, to the extent the court could hear the arguments in this motion, which would entail responses, replies, a likely *in camera* hearing with the court and non-party witness and his counsel, there would qualify this as an emergency. Or, to the extent that all that needs to be completed are the two remaining depositions, Plaintiff would seek leave of the court to complete and capture this necessary testimony.

II.   **LAW AND LEGAL ANALYSIS**

**A. Nonparty Gasper Fiore Shall Be Compelled To Answer Questions He Failed To Answer After Improperly Invoking His First Amendment Right Against Self-Incrimination.**

On December 29, 2025, in accordance with the Court's December 12, 2025 order (ECF No. 128, PageID. 2532-2538), Nonparty Gasper Fiore sat for a deposition that was conducted at the Perkins Law Group.  During the deposition, Nonparty Gasper Fiore invoked and asserted his Fifth Amendment Right against self-incrimination to nearly **<u>EVERY</u>** question Plaintiff's counsel asked.  (**See Video of Nonparty Gasper Fiore's deposition**).

Under Rule 37(a)(3)(B)(i), a party can move to compel a deponent to answer a question asked under Rule 30.  Rule 37(a)(3)(B)(i) provides:

  (B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

  (i) **a deponent fails to answer a question asked under Rule 30 or 31**[.] [emphasis supplied.]

Rule 37(a)(3)(C) further provides that "[w]hen taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order." Here, Plaintiff completed the December 29, 2025 deposition of Nonparty Gasper Fiore before moving for an order to compel under Rule 37(a)(3)(B)(i).

As noted, Nonparty Gasper Fiore invoked and asserted his Fifth Amendment Right against self-incrimination on nearly EVERY question.  Although it is undisputed that Nonparty Gasper Fiore has the constitutional right to assert his Fifth Amendment Right against self-incrimination in this civil proceeding, it is Plaintiff's position that Nonparty Gasper Fiore **improperly** invoked and asserted his Fifth Amendment Right against self-incrimination with respect to the questions asked and shall be ordered to answer said questions truthfully.

The Fifth Amendment of the U.S. Constitution provides that "[n]o person... shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V.  The privilege may be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972).

Zealously safeguarded as "an important constitutional liberty," *Hoffman v. United States,* 341 U.S. 479, 490, 71 S.Ct. 814, 95 L.Ed. 1118 (1951), that was "hardearned by our forefathers," *Quinn v. United States,* 349 U.S. 155, 161, 75 S.Ct. 668, 99 L.Ed. 964 (1955), the privilege protects "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence," *Malloy v. Hogan,* 378 U.S. 1, 8, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). In view of the significance of the right, its protections are broadly construed. *Maness v. Meyers,* 419 U.S. 449, 461, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975).

The test for a valid invocation of the Fifth Amendment, that was discussed in detail in the Supreme Court's seminal case, *Hoffman v. United States,* is whether the witness has "reasonable cause to apprehend danger from a direct answer." *Hoffman*, 341 U.S. at 486, 71 S.Ct. 814. The scope of the privilege protects the witness from compelled disclosure "not merely ... [of] evidence which may lead to criminal conviction," but also of "**information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution**." *Maness,* 419 U.S. at 461, 95 S.Ct. 584 (citing *Hoffman,* 341 U.S. at 486, 71 S.Ct. 814) (emphasis supplied). However, a court may only require a witness to answer if it is "'**perfectly clear, from a careful consideration of all**

**the circumstances in the case, that the witness is mistaken, and that the answer(s) cannot possibly have such tendency' to incriminate**." *Hoffman,* 341 U.S. at 488, 71 S.Ct. 814 (quoting *Temple v. Commonwealth,* 75 Va. 892, 898 (1881)) (emphasis supplied).

Here, Nonparty Gasper Fiore is clearly "mistaken" because the answers to questions "cannot possibly have such tendency to incriminate" Nonparty Gasper Fiore considering both he and Defendant Rick Sollars have already been convicted and sentenced for certain offenses that were discovered as a result of the FBI criminal investigation that produced the wiretaps and text messages that were the subject of questions during Nonparty Gasper Fiore's December 29th deposition. Additionally, and perhaps more importantly, the questions that were asked pertained to matters that occurred **nearly 10 years ago** and any *possible* crimes would be immune from prosecution under the federal five-year statute of limitations. *See* 18 U.S.C. §3282.

In *Hoffman,* the U.S. Supreme Court recognized that "if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee." *Id.* at 486, 71 S.Ct. 814. Rather than allowing the witness to be placed in such a double-bind, the U.S. Supreme Court held that "[t]o sustain the privilege, it need only be

evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87, 71 S.Ct. 814. As a prior opinion of the Sixth Circuit aptly summarized the standard from *Hoffman,* an invocation of privilege should be sustained "if a court can, by the use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution." *In re Morganroth,* 718 F.2d at 169. "[I]n determining whether the witness really apprehends danger in answering a question, the judge cannot permit himself to be skeptical." *Emspak v. United States,* 349 U.S. 190, 198 n. 18, 75 S.Ct. 687, 99 L.Ed. 997 (1955) (internal quotation marks omitted).

    Both the Supreme Court and the Sixth Circuit have repeatedly applied *Hoffman* to sustain invocation of the Fifth Amendment privilege in response to questions regarding the individual's personal or professional associations "when asked in a setting of possible incrimination." *Emspak,* 349 U.S. at 199, 75 S.Ct. 687 (holding that a witness before the House Un-American Activities Committee could properly invoke the Fifth Amendment privilege when asked about associations and affiliations); *see also Malloy v. Hogan,* 378 U.S. 1, 13-14, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964) (holding that a witness properly invoked the Fifth Amendment to refuse to answer questions about associates at the time of a

prior gambling arrest, despite the expiration of the statute of limitations, because such disclosure "might furnish a link in a chain of evidence sufficient to connect the petitioner with a more recent crime"); *United States v. Bates,* 552 F.3d 472, 475-76 (6th Cir.2009) (holding that blanket Fifth Amendment privilege could be invoked when necessary foundation questions would require the witness to admit association with alleged co-conspirator); *Aiuppa v. United States,* 201 F.2d 287 (6th Cir.1952) (holding that the privilege was properly invoked in response to questions about whether the witness knew certain individuals allegedly involved in organized crime). Similarly, the Supreme Court found "substantial ground" for a fear of possible incrimination where, in a grand jury investigation of union racketeering, the custodian of a union's books and records refused to answer questions related to the whereabouts of those records. *Curcio v. United States,* 354 U.S. 118, 121, 77 S.Ct. 1145, 1 L.Ed.2d 1225 594*594 (1957); *see also United States v. Hubbell,* 530 U.S. 27, 43, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000) ("[W]e have no doubt that the constitutional privilege against self-incrimination protects the target of a grand jury investigation from being compelled to answer questions designed to elicit information about the existence of sources of potentially incriminating evidence.").

Here, there is no valid basis for Nonparty Gasper Fiore asserting his Fifth Amendment Right against self-incrimination because **both he and Defendant**

**Rick Sollars have already been convicted of crimes** related to matters that were the subject of the FBI investigation that resulted in the wiretaps and text messages that the FBI provided Plaintiff for this litigation. Answers to the questions will **not** "furnish a link in a chain of evidence sufficient to connect the petitioner with a more recent crime[.]" *Malloy v. Hogan,* 378 U.S. 1, 13-14, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

For example, Nonparty Gasper Fiore asserted his Fifth Amendment Right against self-incrimination and refused to answer the very simple question of whether he knew Plaintiff Shane Anders. **(See Video of Nonparty Gasper Fiore's deposition).** A review of Nonparty Gasper Fiore's deposition testimony will reveal that his refusal to answer questions based on his Fifth Amendment Right against self-incrimination was improper.

"The validity of an asserted Fifth Amendment privilege, however, turns not on the probability or likelihood of prosecution, but rather on the possibility of prosecution." *Convertino v US Dept. of Justice*, 795 F.3d 587, 594 (6th Cir. 2015). "Only if there is a legal bar to initiation of criminal proceedings, such as the expiration of the statute of limitations, a grant of immunity, or second jeopardy… can there be no possibility of prosecution[.]" *W.J. Usery v. Brandel,* 87 F.R.D. 670, 683 (W.D.Mich.1980).

Here, there is "no possibility of prosecution" because the wiretaps and text messages that were supplied by the FBI to Plaintiffs were from 2015-2016. Questions pertaining to the conversations captured on the wiretaps and via text messages could not result in *any* criminal prosecution because they would be legally barred under the federal statute of limitations. *See* 18 U.S.C. §3282. Therefore, Nonparty Gasper Fiore improperly asserted his Fifth Amendment Right against self-incrimination and shall be compelled and ordered to answer the questions he previously refused to answer during his December 29th deposition.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Area Towing prays that this Honorable Court **GRANTS** its Emergency Motion to Compel Nonparty Gasper Fiore to Answer Questions Nonparty Gasper Fiore Refused to Answer After Improperly Asserting His Fifth Amendment Right to Self-Incrimination Pursuant to Fed.R.Civ.P. 37(a)(3)(B)(i); and further award Plaintiff Area Towing attorney's fees and costs to be paid by Nonparty Gasper Fiore pursuant to Fed.R.Civ.P. 37(a)(5).

| | |
|---|---|
| **Dated: January 6, 2026** | **Respectfully submitted,** |
| | <u>/s/ JAMES R. AUSTIN</u> |
| | JAMES R. AUSTIN (P43400) |
| | Corcoran, Austin, P.C. |
| | Attorneys for Plaintiffs |
| | 6880 Thayer Lake Road |
| | Alden, MI 49612 |
| | (248) 909-4752 |
| | jaustin@jaustinlaw.com |
| | |
| | <u>/s/ TODD RUSSELL PERKINS</u> |
| | **TODD R. PERKINS (P55623)** |
| | Perkins Law Group, PLLC |
| | Attorneys for Plaintiffs |
| | 615 Griswold, Suite 400 |
| | Detroit, MI 48226 |
| | (313) 964-1702 (office) |
| | Email: tperkins@perkinslawgroup.net |

## CERTIFICATE OF SERVICE

I, JAMES R. AUSTIN, certify that the foregoing document(s) was filed and served via the Court's electronic filing system this **9th** day of January, 2026, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

| | |
|---|---|
| **Dated: January 9, 2026** | **Respectfully submitted,** |
| | <u>/s/ JAMES R. AUSTIN</u> |
| | JAMES R. AUSTIN (P43400) |
| | Corcoran, Austin, P.C. |
| | Attorneys for Plaintiffs |
| | 6880 Thayer Lake Road |
| | Alden, MI 49612 |
| | (248) 909-4752 |
| | jaustin@jaustinlaw.com |