UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AREA TOWING AND RECOVERY,
INC., et.al.,

    Plaintiffs,

    v.

RICK SOLLARS, et.al.,

    Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Elizabeth A. Stafford

---

JAMES R. AUSTIN (P43400)
Corcoran Austin, P.C.
Attorneys for Plaintiffs
6880 Thayer Lake Road
Alden, MI 49612
(248) 9090-4752
jaustin@jaustinlaw.com

JOHN C. CLARK (P51356)
GEOFFREY S. WAGNER (P70839)
ANTHONY K. CHUBB (P72608)
Attorneys for Defendants Ramik and Sollars
Giarmarco Mullins & Horton, PC
101 W. Big Beaver Rd., 10th Floor
Troy, MI 48084
(248) 457-7000; Fax: (248) 457-7001
jclark@gmhlaw.com
achubb@gmhlaw.com

DAVID P. FRASER (P79291)
Attorney for Non-party
Gasper Fiore
Holmes Fraser, PA
711 5th Avenue South, Suite 200
Naples, Florida 34102

PAUL T. O'NEILL (P57293)
Attorney for Non-party Latif "Randy" Oram
74 W. Long Lake Road, Ste. 101
Bloomfield Hills, MI 48304
(248) 613-9476

239.228.7280, ext. 1002             poneill@ptoplc.com
dfraser@holmesfraser.com
service@holmesfraser.com

_____

### NON-PARTY GASPER FIORE'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, AND INCORPORATED BRIEF

Non-Party Gasper Fiore, through the undersigned counsel, files this Response to Plaintiff's Motion to Compel [ECF No. 134] and Incorporated Brief as follows:

### CONCISE STATEMENT OF THE ISSUE PRESENTED

Whether the fact certain investigatory material was obtained at a time in the past which is now outside certain statute of limitations means the witness's Fifth Amendment rights no longer exist.

## CONTROLLING AUTHORITY

<u>Malloy v. Hogan</u>, 378 U.S. 1 (1964)

## STATEMENT OF THE FACTS

1. Plaintiffs obtained files from the Department of Justice, including wiretaps they claim demonstrate Gasper Fiore having relevant information to this proceeding.

2. In this proceeding, Plaintiffs allege an unlawful scheme to divert work to Gasper Fiore away from Plaintiff's company. [ECF No. 30].

3. Plaintiffs reference the criminal investigation into Gasper Fiore numerous times in their operative complaint. Gasper Fiore's name appears over 40 times in the operative complaint. [ECF No. 30].

4. Thus, Plaintiffs claims illegal conduct, mentions Gasper Fiore's name over 40 times in its operative complaint, and it has obtained relevant information from the Department of Justice investigation where Fiore was a target of a criminal investigation.

5. In ECF No. 112, Page ID 3, Plaintiffs explain, "As noted, the flask [sic] drive the FBI produced was voluminous. After reviewing thousands of pages and audio recordings, it became apparent that Nonparties Gasper Fiore, and his daughter, Jennifer Fiore, were relevant witnesses to this case.

6. Thus, Plaintiffs reviewed criminal investigatory files and decided they wanted to depose Gasper Fiore.

7. Wiretaps can only be obtained through a showing of probable cause.

8. Further, this Court previously ruled that "Under Title III, the fruits of lawful wiretaps can be used or disclosed in proscribed circumstances" as set forth in 18 USC §2517. Dkt. 128, Page 4 (citing 18 U.S.C. § 2517).

9. Thus, the Court found one of the §2517 authorizations for disclosure present, which all implicate law enforcement interests and national security.

10. There is no disclosure provided in §2517 that does not relate to a law enforcement or national security interest.

## LAW AND ARGUMENT

The Fifth Amendment privilege against self-incrimination "not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal … where the answers might incriminate him in future criminal

proceedings." Minnesota v. Murphy, 465 U.S. 420, 426, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)).

Courts are therefore "precluded ... from compelling testimony in a civil deposition over a valid assertion of the Fifth Amendment privilege, absent a specific assurance of [criminal] immunity for such testimony." Pillsbury Co. v. Conboy, 459 U.S. 248, 264 n. 24, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983). The standard is not one of probable prosecution, but possible prosecution.

"The Self-Incrimination Clause must be accorded liberal construction in favor of the right it was intended to secure." Quinn v. United States, 349 U.S. 155, 162, 75 S.Ct. 668, 99 L.Ed. 964 (1955).

Importantly, the person seeking to invoke the Fifth Amendment is not required to lay out the case for his prosecution to establish the right as that would defeat the entire purpose of the protection. Hoffman v. U. S., 341 U.S. 479, 486–87 (1951). As explained in Hoffman, "if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the

privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result."

Thus, Fiore is not required to lay out a case for his prosecution. Rather, the Court should look at the circumstances and consider whether criminal implications are raised.

I. **THE SUPREME COURT HAS EXPRESSLY REJECTED THE STATUTE OF LIMITATIONS ARGUMENT.**

Plaintiff cites Malloy v. Hogan, 378 U.S. 1, 12-13 (1964), where the Supreme Court found the Fifth Amendment was properly invoked despite the events occurring outside the statute of limitations. The Malloy Court explained:

> The Connecticut Supreme Court of Errors ruled that the answers to these questions could not tend to incriminate him because the defenses of double jeopardy and the running of the one-year statute of limitations on misdemeanors would defeat any prosecution growing out of his answers to the first five questions.
> …
> The conclusions of the Court of Errors, tested by the federal standard, fail to take sufficient account of the setting in which the questions were asked. The interrogation was part of a wide-ranging inquiry into crime, including gambling, in Hartford. It was admitted on behalf of the State at oral argument—and indeed

it is obvious from the questions themselves—that the State desired to elicit from the petitioner the identity of the person who ran the pool-selling operation in connection with which he had been arrested in 1959. It was apparent that petitioner might apprehend that if this person were still engaged in unlawful activity, disclosure of his name might furnish a link in a chain of evidence sufficient to connect the petitioner with a more recent crime for which he might still be prosecuted."

The Malloy dissent argued Plaintiff's position about the claims being time-barred. Malloy, 378 U.S. at 36. However, the majority looked at the circumstances and found there was a wide-ranging criminal probe and because it was wide-ranging providing answers could potentially link to more recent events. Thus, simply because some events may be outside the statute of limitations, it does not mean the Fifth Amendment privilege evaporates.

The Fifth Amendment privilege ceases to exist only where it can be absolutely said there is no way for prosecution. Plaintiffs argue the possible crimes are barred by the statute of limitations, but to determine a statute of limitations one must know the crimes. The Department of Justice has not explained or listed the full extent of its investigation into Gasper Fiore so it is impossible to say that anything the Department of Justice is or has investigated Gasper Fiore for is barred by the statute of limitations.

## II. MUCH OF PLAINTIFF'S BRIEF SUPPORTS FIORE'S ARGUMENT.

Plaintiff cites <u>Emspak</u>, <u>Malloy</u>, <u>Bates</u> and <u>Aiuppa</u>. Respectfully, these are all cases supporting Defendant. These cases support Fiore's position that he is not required to acknowledge association or relationships with people Plaintiff alleges participated in wrongful acts. As the cases and Plaintiff's brief explains, witnesses can rightfully refuse to answer questions dealing with whether they know someone who is alleged to have committed a crime as it may link the witness with that person.

## CONCLUSION

Plaintiffs submit they want to depose Gasper Fiore after reviewing a criminal investigatory file. It is a simple and commonsense conclusion that the Fifth Amendment privilege can be invoked. Stated differently, assume for a moment it was the FBI moving to compel Fiore to answer questions on the FBI's criminal investigatory file. The Court would have no issue allowing Fiore to assert his Fifth Amendment rights. The Motion to Compel should be denied.

Respectfully submitted this 22nd day of January 2026.

*/s/ David P. Fraser*

        David P. Fraser (P79291)
        Attorney for Non-party Gasper Fiore
        Holmes Fraser, PA
        711 5th Avenue South, Suite 200
        Naples, Florida 34102

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on January 22, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

        */s/ David P. Fraser*
        David P. Fraser (P79291)