UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANE ANDERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TONY CUEVAS, *et al.*,<br><br>Defendants. | Case No. 19-cv-10989<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF AREA TOWING'S
MOTION TO COMPEL THE DEPOSITION TESTIMONY
OF NONPARTY GASPER FIORE
(ECF NO. 134)**

## I.   Introduction

Plaintiff Area Towing and Recovery, LLC, moves to compel the deposition testimony of nonparty Gasper Fiore. ECF No. 134. The Honorable Linda V. Parker referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). ECF No. 135. As stated on the record during the hearing held on February 4, 2026, the Court **GRANTS** Area Towing's motion.

## II. Background

Judge Parker recently summarized the case's operative facts:

> This lawsuit arises in part from a towing contract between [Area Towing] and the City of Taylor. Plaintiff Shane Anders is the owner of Area Towing. Plaintiffs allege that Defendant Rick Sollars, as the Mayor of Taylor, vetoed the renewal of Area Towing's contract due in part to Anders' cooperation with an FBI investigation of Gasper Fiore[1] and others. During the investigation, the FBI captured conversations through wiretaps…. The investigation led to the prosecution of Mr. Fiore and other individuals for various federal crimes, and Mr. Fiore eventually pleading guilty to conspiracy to defraud the United States. *See* Plea Agreement, *United States v. Fiore*, No. 16-cr-20732 (E.D. Mich. Aug. 7, 2018), ECF No. 144.

ECF No. 128, PageID.2532-2533. Specifically, Fiore was convicted of bribing a Clinton Township trustee in exchange for a towing contract with the city. Plea Agreement, *United States v. Fiore*, No. 16-cr-20732 (E.D. Mich. Aug. 7, 2018), ECF No. 144. Sollars later pleaded guilty to accepting bribes in exchange for awarding a city contract to a property developer. *United States v. Sollars*, No. 19-cr-20836 (E.D. Mich. Aug. 22, 2023), ECF No. 115.

Area Towing deposed Fiore in December 2025, and he broadly asserted the Fifth Amendment privilege in response to most questions—

---

[1] Fiore owned a competing towing company toward which Sollars allegedly sought to steer the City of Taylor's business. ECF No. 30, PageID.269-270.

including whether he knows Anders, Sollars, other individuals, or certain businesses; about his towing businesses; and about the wiretapped calls obtained during the FBI investigation.  ECF No. 136.  Area Towing moves to compel Fiore's answers to those questions, arguing that the Fifth Amendment does not apply.  ECF No. 134.

### III.   Analysis

#### A.

Under Federal Rule of Civil Procedure 37(a)(3)(B), a party may move to compel an answer if "a deponent fails to answer a question asked" during a deposition.  The deponent must answer all questions despite any objections except "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

"A valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination." *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).  A witness must "show a 'real danger,' and not a mere imaginary, remote or speculative possibility of prosecution."  *Id.*  "A blanket assertion of the privilege by a witness is not sufficient to meet" the standard.  *Id.*  Instead, "[t]he privilege must be asserted by a witness with respect to particular questions, and in each

3

instance, the court must determine the propriety of the refusal to testify." *Id.* Fifth Amendment privilege "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). And the privilege applies broadly to both criminal and civil proceedings and "protects parties and non-party witnesses alike." *In re Flint Water Cases*, 53 F.4th 176, 192 (6th Cir. 2022).

A witness has no remaining Fifth Amendment privilege when his sentence "has been fixed and the judgment of conviction has become final." *Mitchell v. United States*, 526 U.S. 314, 326 (1999). That is because "[i]f no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared." *Id.* A sentence is not yet "final" after the criminal defendant has pleaded guilty and he reasonably fears adverse consequences at sentencing. *Id.*

Nor does a conviction necessarily become "final," extinguishing the Fifth Amendment privilege, upon sentencing. *Bruner v. Foster*, 345 F.R.D. 454, 457 (E.D. Mich. 2023). Instead, "[i]t appears settled that a conviction is not 'final'" for Fifth Amendment purposes "if an appeal is pending." *Sec. & Exch. Comm'n v. Pence*, 323 F.R.D. 179, 188 (S.D.N.Y. 2017). Other cases have recognized that the privilege applies when "pending appeals or

4

collateral attacks could be impacted by [the witness's] deposition testimony." *DeLeon-Reyes v. Guevara*, No. 1:18-cv-01028, 2020 WL 5800727, at *6 (N.D. Ill. Sept. 29, 2020) (cleaned up); *Pence*, 323 F.R.D. at 188-89 (finding that the privilege applied because a pending motion to vacate under 28 U.S.C. § 2255 raised a possibility that the witness's conviction could be overturned). But the witness in *DeLeon* had no pending appeals or collateral attacks, so the Fifth Amendment privilege did not apply. *Id.* at *6-7.

The questions, then, are whether Fiore's sentence is final and whether he faces a real danger of further prosecution.

### B.

Fiore's sentence is final. Relying on the wiretaps from a 2015 to 2017 investigation, the government successfully prosecuted Fiore and he has served his sentence. When questioned during the February 4th hearing, Fiore's attorney admitted that he had no pending appeals or collateral attacks.

Even so, Fiore argues that he would risk incriminating himself in further prosecutions if he answered the deposition questions. ECF No. 139, PageID.2692. But his fear of further prosecution is speculative rather than based on real danger of incrimination. The government examined the

wiretap recordings Area Towing seeks to question Fiore about and made its charging decisions a decade ago.  *See* ECF No. 134, PageID.2618.  And the events that Area Towing seeks to question Fiore about occurred between 2015 and 2018.  *See* ECF No. 30, PageID.277-278; ECF No. 136, PageID.2652, 2662-2663.  The culminating event—Sollars's veto of the Area Towing contract—was in March 2018.  ECF No. 30, PageID.277-278

So any prosecution for offenses committed during the period relevant to this case would be barred under the five-year statute of limitations.  *See* 18 U.S.C. § 3282.  It is beyond speculative that the government would rely on the same body of evidence collected 10 years ago to bring new charges after the statute of limitations lapsed.  Fiore does not point to any deposition questions implicating more recent events, and his argument that there may be an ongoing FBI investigation is purely speculative.

Fiore contends that he need not "prove the hazard" of incrimination.  ECF No. 139, PageID.2690-2691 (quoting *Hoffman*, 341 U.S. at 486-87).  True.  But "[w]here there is nothing suggestive of incrimination about the setting in which a seemingly innocent question is asked, *the burden of establishing a foundation for the assertion of the privilege should lie with the witness making it*."  *Morganroth*, 718 F.2d at 169 (emphasis added).  To establish that foundation, the witness must present "sufficient evidence" to

6

allow the court "by the use of reasonable inference or judicial imagination [to] conceive a sound basis for a reasonable fear of prosecution." *Id.*; *see also Convertino v. U.S. Dep't of Just.*, 795 F.3d 587, 592-96 (6th Cir. 2015).

Fiore has provided no foundation for asserting the privilege when any crime he might have been charged with based on the wiretap recordings or the events described in Area Towing's complaint are beyond the statute of limitations. The Court cannot imagine any real danger that Fiore faces from the questions posed in the deposition, and thus finds invalid his assertion of the Fifth Amendment privilege.

### IV.   Conclusion

The Court thus **GRANTS** Area Towing's motion to compel Fiore's deposition testimony (ECF No. 134). Area Towing must complete Fiore's deposition by **March 6, 2026**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: February 9, 2026

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2026.

s/Davon Allen
DAVON ALLEN
Case Manager
