# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AREA TOWING AND RECOVERY, INC., *et.al.,*
     Plaintiffs,

v.

RICK SOLLARS, *et.al.,*
     Defendants.

Case No. 2:19-cv-10989
Hon. Linda Parker
Mag. Curtis Ivy, Jr.

| | |
|---|---|
| JAMES R. AUSTIN (P43400)<br>Corcoran Austin, P.C.<br>Attorneys for Plaintiffs<br>6880 Thayer Lake Road<br>Alden, MI 49612<br>(248) 9090-4752<br>jaustin@jaustinlaw.com | JOHN C. CLARK (P51356)<br>GEOFFREY S. WAGNER (P70839)<br>ANTHONY K. CHUBB (P72608)<br>Attorneys for Defendants Ramik and Sollars<br>GIARMARCO MULLINS & HORTON, PC<br>101 W. Big Beaver Rd., 10th Floor<br>Troy, MI 48084<br>(248) 457-7000; Fax: (248) 457-7001<br>jclark@gmhlaw.com<br>achubb@gmhlaw.com |
| TODD RUSSELL PERKINS (P55623)<br>Perkins Law Group, PLLC<br>Co-counsel for Plaintiffs<br>615 Griswold, Suite 400<br>Detroit, MI 48226<br>(313) 964-1702 (office)<br>Email: tperkins@perkinslawgroup.net | |

## PLAINTIFF AREA TOWING'S EMERGENCY MOTION TO STRIKE DEFENDANT RICK SOLLAR'S NONCONFORMING MOTION FOR SUMMARY DISPOSITION (ECF NO. 142) PURSUANT TO SECTION (G)(a) OF THE COURT'S PRACTICE GUIDELINES.

**NOW COMES**, Plaintiff, Area Towing and Recovery, Inc., through their counsel, TODD RUSSELL PERKINS (P55623) and JAMES R. AUSTIN (P43400), and for their Emergency Motion to Strike Defendant Rick Sollars' Nonconforming Motion for Summary Disposition (ECF No. 142) Pursuant to Section (G)(a) of the Court's Practice Guidelines ("Emergency Motion to Strike"), states as follows:

### CONCURRENCE

Pursuant to L.R. 7.1(a), prior to filing the instant Emergency Motion to Strike, Plaintiff's counsel sought concurrence from counsel for Defendant Rick Sollars, but concurrence was denied.  However, Defendant Rick Sollars counsel's response to Plaintiff's counsel request is very important for the Court to review considering Defendant's counsel expressly admitted that Defendant Sollars' motion for summary disposition (ECF No. 142) does **NOT** comply with Section (G)(a) of the Court's Practice Guidelines. (**See June 4, 2026 Email Chain Between Plaintiff's Counsel and Defendant Sollars' counsel attached as Exhibit 1**).

In response to Plaintiff's counsel's request for concurrence, Defendant Sollars' counsel, Geoff Wagner, responded as follows:

"No, I will not. We will oppose your Motion to Strike. **If the Court so orders, Defendant will resubmit a Statement of Facts with numbered paragraphs**." **(See June 4, 2026 Email Chain Between Plaintiff's Counsel and Defendant Sollars' counsel attached as Exhibit 1**).

### A. Defendant Sollars' Motion for Summary Disposition (ECF NO. 142) MUST Be Stricken Pursuant To Section (G)(a) of the Court's Practice Guidelines

As noted in Plaintiff's Response in Opposition to Defendant Rick Sollars' ("Defendant Sollars") Motion for Summary Disposition Pursuant to Fed.R.Civ.P. 56 (ECF No. 142), Defendant Sollar's motion for summary disposition (ECF No. 142) does **NOT** conform nor comply with the Court's Practice Guidelines that govern motions for summary disposition under Rule 56.[1]

In Section (G) of the Court's Practice Guideline for motions for summary disposition filed under Rule 56, the Court specifically requires the following:

G. MOTIONS FOR SUMMARY JUDGMENT

When filing motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, parties must proceed in accordance with the following:

---

[1] *See* https://www.mied.uscourts.gov/altindex.cfm?pagefunction=pgToPDFAll&judgeID=46 (last accessed on June 4, 2026)

### Statement of Material Facts on Motion for Summary Judgment

(a) **The maker of the motion *must* include a Statement of Material Facts. *In short, concise, and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for striking the motion or denying it.***

(b) The party opposing the motion must respond to each numbered paragraph in the moving party's statement. The numbering in the opposing party's response should correspond to the numbering in the motion. The opposing party may add additional paragraphs containing separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

(c) Each numbered paragraph in the moving party's Statement of Material Facts will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement served by the opposing party.

(d) Each Statement of Material Fact – whether set forth by the maker of the motion or the party opposing the motion – must be followed by citation to interrogatory answers, depositions, documents, affidavits, declarations, stipulations, admissions, electronically stored information, or other information which would be admissible under Federal Rules of Civil Procedure 56(e), in support of each claim or defense asserted

Attached appendices must contain an index and be tabbed.

1. Counsel are discouraged from employing elaborate boilerplate recitations of the summary judgment standard or lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well chosen cases, preferably recent and from controlling courts. Counsel are encouraged to supply the Court with copies of their main cases, but must provide courtesy copies of any cited unpublished decisions.

2. It is not the Court's function to "figure out" or to search the record to determine what evidence the parties rely upon in support of claims or defenses. It is incumbent upon the parties to make substantive arguments, with specific references to the record in support of each claim or defense asserted.

(Emphasis supplied.) (A copy of the Court's Practice Guidelines is attached as **Exhibit 2**)

Defendant Sollars and his counsel clearly **failed** to comply with the Court's mandatory filing and Practice Guidelines for Motions for Summary Disposition. (ECF No. 142).  Specifically, Defendant Sollars' Motion for Summary Disposition (ECF No. 142) failed to comply with the Section (G)(a) of the Court's Practice Guidelines, which requires the following:

(a) **The maker of the motion *must* include a Statement of Material Facts. *In short, concise, and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for striking the motion or denying it.***

(Emphasis supplied.)

Consequently, Plaintiff Area Towing **cannot** comply with Section (G)(b) of the Court's Practice Guidelines, which requires:

> (b) **The party opposing the motion *must* respond to each numbered paragraph in the moving party's statement**. The numbering in the opposing party's response should correspond to the numbering in the motion. The opposing party may add additional paragraphs containing separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

(Emphasis supplied.)

However, Plaintiff Area Towing **cannot "respond to each numbered paragraph in the moving party's statement"** because the Defendant Sollars' Motion for Summary Disposition (ECF No. 142) does **NOT** have numbered paragraphs that "***set forth the material facts that the moving party contends there is no genuine issue to be tried,"*** which is required under Section (G)(a) of the Court's Practice Guidelines governing Motions for Summary Disposition filed under Rule 56.

Additionally, because Defendant Sollars' Motion for Summary Disposition (ECF No. 142) **failed** to comply with Section (G)(a) of the Court's Practice Guidelines, Plaintiff Area Towing **cannot** file a response that conforms to Section (G)(b) of the Court's Practice

Guidelines, which requires "[t]he numbering in the opposing party's response should correspond to the numbering in the motion." *See* Section (G)(b) of the Court's Practice Guidelines.

Defendant Sollars' noncompliant Motion for Summary Disposition (ECF No. 142) makes it impossible for the Plaintiff Area Towing to file a response that complies and conforms with Section (G) of the Court's Practice Guidelines.  Simply, **there are no material facts for Plaintiff Area Towing to respond to or to rebut because Defendant Sollars has FAILED to properly identify them in accordance with Section (G) of the Court's Practice Guidelines!**

In fact, in response to Plaintiff's counsel request for concurrence for Plaintiff's soon-to-be filed motion to strike under Section (G)(a) of the Court's Practice Guidelines, Defendant Sollars' counsel admitted that Defendant Sollars' motion did **NOT** comply nor conform with the Court's Practice Guidelines governing motions for summary disposition. **(See June 4, 2026 Email Chain Between Plaintiff's Counsel and Defendant Sollars' Counsel attached as Exhibit 1**).

Thus, for Plaintiff Area Towing to properly address the merits of any motion for summary disposition, Defendant Sollars must *first* file a

motion for summary disposition that conforms with the Court's Practice Guidelines as set forth under Section (G)(a). Accordingly, pursuant to Section (G)(a) of the Court's Practice Guidelines, Plaintiff is respectfully requesting this Honorable Court to **STRIKE** Defendant Sollars' nonconforming and noncompliant motion for summary disposition (ECF No. 142).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and for the reasons set forth in the accompanying Response in Opposition to Defendant Sollars' motion for summary disposition (ECF No. 142), Plaintiff Area Towing prays that this Honorable Court **GRANTS** its Emergency Motion to Strike Defendant Sollars' nonconforming motion for summary disposition pursuant to Section (G)(a) of the Court's Practice Guidelines, and Plaintiff further prays that this Honorable Court **ORDERS** Defendant Sollars to refile within 21 days a *new* motion for summary disposition that complies with Section (G) of the Court's Practice Guidelines.

Dated: June 4, 2026

Respectfully submitted,
**/s/ JAMES R. AUSTIN**
JAMES R. AUSTIN (P43400)
Corcoran, Austin, P.C.
Attorneys for Plaintiffs
6880 Thayer Lake Road
Alden, MI 49612
(248) 909-4752
jaustin@jaustinlaw.com

/s/ TODD RUSSELL PERKINS
**TODD R. PERKINS (P55623)**
Perkins Law Group, PLLC
Attorneys for Plaintiffs
615 Griswold, Suite 400
Detroit, MI 48226
(313) 964-1702 (office)
Email:tperkins@perkinslawgroup.net

**Compliance With L.R. 5.1(a)**

The undersigned certifies that this document complies with Local Rule 5.1(a), including double spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10.5 characters per inch (for no-proportional fonts) or 14 point (for proportional fonts). The undersigned, also certifies that it is the appropriate length under Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I, JAMES R. AUSTIN, certify that the foregoing document(s) was filed and served via the Court's electronic filing system this **4th** day of June, 2026, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

**Dated: June 4, 2026**

**Respectfully submitted,**
**/s/ JAMES R. AUSTIN**
JAMES R. AUSTIN (P43400)
Corcoran, Austin, P.C.
Attorneys for Plaintiffs
6880 Thayer Lake Road
Alden, MI 49612
(248) 909-4752
jaustin@jaustinlaw.com